J. H. GALLAGHER v. JOHN REDMOND.

(Case No. 5390.)

1. WILL — INTENTION — CONTRIBUTION. — A will provided that all the real and personal property of the testator should be primarily charged with the payment of his debts, and then "to the devises and bequests and conditions hereinafter made and imposed agreeable to my said wishes and intentions." It further provided, that "it is my wish and will that my children shall inherit and receive as far as practicable and possible, whenever a partition and distribution of my estate may take place, as follows." The testator then proceeded to bequeath to each of his three children defined tracts of land, and concluded as follows: "And to have and to hold the said before-described property unto the said S., H. and J., their heirs, etc., subject only to the terms, conditions and provisions of this my will and testament." Pending the administration, the land devised to S. was sold to satisfy debts

of the estate, it being the only land it was practicable to sell.   Subsequently S., claiming as one of the heirs, sold an undivided one-third interest in the land devised to J.   *Held:*

(1) That in equity, on a deficiency of assets, where all the real estate devised is charged by the will with the payment of debts, different devisees must contribute toward the payment of the debts in proportion to their respective interests, even though the debts constitute a special charge upon the interest of one of the devisees.   (3 Johns. Chan., 158.)   When one devisee discharges such a debt, he can call for contribution from the others.

(2) If the devises under the will were absolute, unconditional and specific, the principle of contribution would apply.

(3) It was evidently the intention of the testator to make no distinction between his three children in respect to the value of the property given them.   The devises were not absolute, vesting the fee in the devisee upon the death of the testator, but were in the nature of suggestions as to the manner of partitioning the estate.

(4) That the sale of the portion devised to S. made the suggested partition impossible; and the reasonable course, and the one more in accordance with the intention of the testator, would be to have an equal division of the remaining lands instead of applying the doctrine of contribution.   The intent of the testator is the primary rule of construction.   Paschal *v.* Acklin, 27 Tex., 173.

(5) Upon final partition S. would have an equal one-third interest in the remaining property of the estate, and her conveyance vested a one-third interest of the tract devised to J. in her vendee.

2. PRACTICE.— All the parties at interest should be brought before the court, and upon full hearing a partition decreed according to the principles of equity.

APPEAL from Nueces.   Tried below before the Hon. John C. Russell.

This suit was filed September 30, 1882, in the district court of Nueces county, by John Redmond against John Gallagher, for trespass to try title to an undivided one-third interest in nineteen thousand five hundred and fifty-eight and one-half acres of land known as "*Casa Blanca*," originally granted to Juan Jose de la Garza Montemayor and his three sons.   On the 16th of March, 1883, defendant filed a plea in abatement under oath.   At the same time defendant also filed general and special demurrers and exceptions to plaintiff's petition.   April 22, 1883, plaintiff filed exceptions to plea in abatement and a demurrer to defendant's original answer; which plea in abatement was overruled except that Sarah de Luna should be made a party to this suit.   All of plaintiff's exceptions to demurrer and answer were sustained.   April 3d, defendant filed his first supplemental answer and plea in estoppel, to which plaintiff filed a demurrer, which was sustained.   December 14, 1883, defendant filed first amended original answer, to which plaintiff again filed exceptions and demurrers, and Sarah Redmond de Luna filed her answer the

same day, December 20, 1883, to which answer defendant excepted
and demurred by way of replication December 31, 1883. January
2, 1884, Sarah Redmond de Luna and plaintiff filed exceptions to
defendant's replication, all of which exceptions of plaintiff were
sustained, except as to the general denial of defendant, and the
cause proceeded to trial. A jury being waived, judgment was ren-
dered by the court in favor of plaintiffs for all the land, and judg-
ment in favor of defendant against his warrantors.

The case turned on the construction of the will of Henry Red-
mond, deceased.

*Stayton & Kleberg*, for appellant, on partition, cited: Story's
Equity Pl., §§ 72, 76, 171, and notes.

On the question of title and contribution, they cited: 2 Perry on
Trusts, pp. 110, 111, § 566 and note 1; Livingston *v.* Livingston, 3
Johns. Ch., 149; 1 Story's Equity Jur., §§ 486-7, 503, 505, 565-7;
2 Redf. on Wills, § 264 and note 68; also § 287; Fenly *v.* Johnson,
21 Md., 117.

*McCampbell & Givens*, for appellee, cited: 1 Story, Eq. Jur., secs.
90, 92, 503; 1 Lead. Cas. in Eq. (3d Am. ed.), Hare & Wallace, notes,
p. 647; 2 id., 495; Livingston *v.* Newkirk, 3 Johns. Ch., 312, 319;
id., 158; Hays *v.* Jackson, 6 Mass., 149, 151; McCampbell *v.* Mc-
Campbell, 5 Mon., 92, 102; Gwin *v.* Kelley, 2 Bin., 292; Burke *v.*
Weilder, 1 McCord (Ch.), 524; Hooper *v.* Royster, 1 Mumf., 119;
Henderson *v.* Greene, 34 Ia., 437; 2 Smith's Ch. Prac., p. 326 and
note A; 2 Jarman on Wills, p. 587; Aldrich *v.* Cooper, 2 Lead. Cas.
in Eq., 208, 250.

WATTS, J. COM. APP.— By the terms of the will of Henry Red-
mond, deceased, all his real and personal property is primarily
charged with the payment of his debts; and then, in his own lan-
guage, "to the devises and bequests and conditions hereinafter
made and imposed agreeably to my said wishes and intentions."
And in the eighth item of the will, the testator provides that "It is
my wish and will that my children shall inherit and receive as far
as practicable and possible, whenever a partition and distribution of
my estate may take place, as follows, to wit." The testator then
proceeds to bequeath to each of his three children defined tracts of
land, and concludes in the following language: "And to have and
to hold the said before-described property and premises unto the
said Sarah, Henry and John, their heirs and assigns, forever, subject

only to the terms, conditions and provisions of this my will and testament."

Now pending the administration of the estate, application was made to the court for an order to sell land for the payment of debts, and it was therein represented that the tract of land known as "San Antonio de Agua Dulce," the same devised to Sarah, was the only land belonging to the estate that had any market value, or that it was practicable to sell. Upon that application the order of sale was granted and the sale made. Subsequently Sarah, claiming as one of the heirs, conveyed to appellant a one-third undivided interest in and to the land in controversy, the same designated as a devise to John in the will.

In construing the will with respect to the character of the devises made in item eighth, the court held that they were specific devises, in which the devisees each took a fee-simple title upon the testator's death, and which could only be divested by each for the payment of debts. And that as the lands devised to Sarah had been sold for the purpose of paying the debts of the estate, her only remedy was against the other heirs for contribution, and that therefore appellant acquired no right in the land, as against the appellees, by reason of the conveyance of Sarah and her husband.

It is a well settled principle in equity, that, on a deficiency of assets, different devisees, when all the real estate devised is charged by the will with the payment of debts, must contribute toward the payment of the debts in proportion to their respective interests, even though the debts constitute a special charge upon the interest of one of the devisees. Livingston v. Livingston, 3 Johns. Ch., 158.

There can be no doubt but that, when one of the devisees has discharged such a debt, he could maintain an action against the other devisees for a contribution.

However, that is not the question that arises in the case before us. For if it should be conceded that the devises made by the will under consideration were absolute, unconditional specific devisees, then upon the death of the testator each devisee would have been vested with the fee of his particular land. And then the principle of contribution would apply.

All the real and personal estate of the testator is by the will primarily charged with the debts; then "to the devises and bequests and conditions" thereinafter made.

From a consideration of all the provisions of the will, in connection with the inventory of the estate returned soon after the same was probated, it is manifest that the testator did not intend to make

any distinction between his three children in respect to the value of the property he gave them respectively. And it seems that in making the particular devises, that he had in view an equal distribution of his property between his three children. It will be observed that these are not absolute or unconditional devises, which vested the fee in the devisees upon the death of the testator; but more in the nature of a suggestion as to how his estate is to be partitioned, and as to what particular shares shall be allotted to his children respectively; and that partition was to be made as far "as practicable." Besides, they were to have and hold the same "subject only to the terms, conditions and provisions of this my will."

Now before the time had arrived for a partition of the estate, the entire tract of land designated for Sarah had been sold for the payment of the debts of the testator, which he had made a charge upon all of his lands.

Unless the intention of the testator, to make an equal distribution of his property amongst his children, is ignored, it requires neither reason nor authority to demonstrate that this action of the administrator and county court had rendered the suggested partition impracticable.

No such intention is apparent upon the part of the testator as that, if one of these devises should be consumed by his debts, that nevertheless the partition should be made as suggested, as between the other devisees, who had not been thus stripped by the action of the administrator and probate court.

It seems to us that the more reasonable construction, and one more in accord with the intention of the testator, is that, under such circumstances, the suggested partition must be regarded as wholly inappropriate, and that instead of the doctrine of contribution being applicable, an equal partition of the remaining lands would be made between his three children.

To ascertain and follow the intention of the testator is the primary rule in the construction of wills. · Paschal v. Acklin, 27 Tex., 193; Howze v. Howze, 19 Tex., 554; Orr v. O'Brien, 55 Tex., 158.

According to the view entertained of the construction to be placed upon the will, as stated above, Sarah would, upon final partition, have an equal one-third interest in the property of the estate. And to the extent of that interest in the particular tract of land in controversy, her conveyance would vest the same in appellant; and her subsequent release to the administrator would not defeat the appellant in the assertion of his rights. Rutherford v. Stamper, 60 Tex., 447.

In order to determine the entire matter in the one litigation, all the parties at interest should be brought before the court, and upon full hearing a partition should be decreed, according to the principles of equity.

In our opinion the court erred in sustaining the exception to the appellant's answer. As to the plea in abatement, under the facts and circumstances of the case, we are of the opinion that it was not well taken. To secure the remedy sought by the answer, it devolved upon appellant to bring all the parties at interest before the court.

Our conclusion is that the judgment ought to be reversed and the cause be remanded.

REVERSED AND REMANDED.

[Opinion approved June 19, 1885, Justice STAYTON not sitting.]*

---

* The record in this cause could not be procured in time for the case to appear with the cases of the Austin Term, 1885.