## JOE LAKE AND WIFE V. M. A. COAPLAND.

### No. 477.

**Conflict in Decisions—Application for Writ of Error.**

See application for writ of error on alleged ground of conflict of decision of Court of Civil Appeals with previous decisions of Supreme Court held insufficient, the opinions not conflicting .................................. 263

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Rusk County.

The petition for writ of error is here given:

Mary W. Lake, who is joined herein by her husband, Joe Lake, shows that Mildred Ann Coapland, who resides in the city of Marshall, * * Texas, is adversely interested in the subject matter of this petition for a writ of error to the Court of Civil Appeals.

Mary W. Lake was the only child of W. M. Coapland, deceased, and Mildred Ann was his widow. W. M. Coapland died September, 1888, and left a will providing for the equal division of his estate between his daughter and wife, according to the manner indicated in his will. The will designated the parts of the estate each was to take.

One of the pieces of property known as the Jones place, which was set apart for the daughter, was lost to her by reason of a superior outstanding title to the some in one W. M. Jones.

Jones sued Mary W. Lake, and the suit resulted in a compromise by which Jones recovered a life estate for lives of himself and wife, and Mary W. Lake took the remainder in fee. It is admitted that Coapland had no title, and that the compromise was proper under the circumstances.

Now, Mary W. Lake, joined by her husband, brought this action in the District Court of Harrison County to establish an undivided interest in the property set apart to the widow, Mildred Ann, under said will, and to have a partition of same, basing her claim thereto on the facts here briefly set forth. Said property consisted entirely of lands and improvements thereon; and the case was one over which the District Court had exclusive jurisdiction.

A judgment was rendered on the 26th of February, 1892, establishing such an interest and decreeing partition in favor of the daughter.

An appeal was prosecuted by Mildred Ann to the Court of Civil Appeals for the Fifth Supreme Judicial Circuit, and on the 26th of September, 1894, said judgment was reversed and remanded for a new trial.

The Court of Civil Appeals held, in the opinion reversing the case, that the daughter was not entitled to recover an interest in said property, but merely a personal judgment for money. The correctness of the judgment of the District Court awarding a partition was questioned by the first and eighth assignments of error of said Mildred Ann, in this case, before the Court of Civil Appeals. Said court in its opinion sustained said assignments of error, holding that the judgment should only have been for money.

Said assignments of error are as follows: "1. The court erred in overruling defendant's third special exception, because the failure of title to the Jones lot did not vest in Mrs. Lake title to any portion of the land set apart to Mrs. Coapland." "8. The court erred in rendering judgment for plaintiff for an interest in defendant's land equal to one-half of $2363.76."

The question so raised by the assignments of error arose upon a question of law, the determination of which was necessary to the decision of said cause in the Court of Civil Appeals. So that the question before the Court of Civil Appeals was, whether the daughter, Mrs. Lake, was entitled to recover an undivided interest in the prop-

erty set apart in the will to the widow, Mrs. Coapland; or whether the daughter was only entitled to recover a judgment in person and for so much money, as in ordinary actions for debt.

This writ of error is sought to revise the ruling of the Court of Civil Appeals upon said question, upon the ground that its opinion is in conflict with the opinion of the Supreme Court in this case reported in 82 Texas, 464, under the style of Lake v. Coapland, and in conflict with the opinion of the Supreme Court in the case of Redmond v. Gallagher, 64 Texas, 622.

Mrs. Lake made, on October 2, 1894, a motion for rehearing in the Court of Civil Appeals. Said motion, so far as the same relates to the question now presented, asked for a rehearing on the ground that the said court erred in holding that the appellee, Mrs. Lake, was not entitled to recover an interest in the property of appellant and have partition. The said motion for rehearing, on the 17th of October, 1894, was overruled.

Petitioner here refers to transcript from the Court of Civil Appeals. Petitioner asks that writ of error to the Court of Civil Appeals be granted, and that its judgment be reversed, etc.

*T. P. Young*, for application.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error by Joe Lake and wife, appellees in the Court of Civil Appeals, from a judgment of that court reversing and remanding the cause. In order to show jurisdiction in this court, appellant alleges that the opinion of the Court of Civil Appeals overrules the decision of this court in this case upon a former appeal (82 Texas, 464), and in the case of Redmond v. Gallagher, 64 Texas, 622. We think there is no conflict between the opinion of the Court of Civil Appeals and that in either of the cases cited.

We are without jurisdiction, and the application is therefore dismissed.

*Dismissed.*

. Delivered November 1, 1894.