## LOCKETT et al. v. WOOD et al.

### No. 10101.

Court of Civil Appeals of Texas. Galveston. June 13, 1935.

Rehearing Denied July 18, 1935.

Ocie Speer, of Austin, for appellant R. B. Lockett.

Wright Stubbs, of Austin, for appellants Alma Hosea Wood and others.

Searcy & Hodde, of Brenham, for appellees First Nat. Bank of Brenham and others.

Baker, Botts, Andrews & Wharton, of Houston, for appellee Peden Iron & Steel Co.

LANE, Justice.

On the 22d day of April, 1911, Frank W. Wood ,and his wife, Alma Hosea Wood, were the owners of certain property and effects, all of which was the community property of the husband and wife. On the date above stated, Frank W. Wood made· and executed his last will and testament, which, omitting formal parts, reads as follows:

"Item First. I desire and direct that all my just debts be paid promptly out of my estate.

"Item Second. I desire to state that all the property which I owned in my own separate right at the time of my marriage with my wife, Alma (Hosea) Wood, and all the property that my wife received from her mother's and father's estate, in her own separate right, were about equal in value, and we have mutually agreed and consented that all of our property be considered as Community property.

"Item Third. It is my will and I direct that my youngest child, Mattie Reeves Wood, shall be educated as one becoming her station in life, and that all expenses necessary to such an education shall be paid out of my estate, same as of my other children.

"Item Fourth. I give, devise and bequeath all of my property, both real and personal, that I may die possessed of, of every nature and kind, after payment of my just debts, to my beloved wife, Alma Hosea Wood, to have and to hold the same for and during her natural life, to use as she sees proper, with the remainder over and after her death to our four children, namely, Howard B. Wood, Frank W. Wood, Henry A. Wood, and Mattie Reeves Wood, and such other children as may be born to us, share and share alike.

"If any of my children shall die without issue, the interest of such devisees so dieing shall revert to and become a part of the corpus of my estate, and be divided equally among my surviving child or children, and in the proportion and manner as herein stated.

"Item Fifth. And my wife, Alma Hosea Wood, shall use her own judgment and pleasure in making any advances, loans or help to any of my children, and such advances, loans or help so made, shall be charged up to the one receiving same and shall be deducted in the final settlement.

"Item Sixth. In the event of my wife's marriage, I desire and so will and direct, that all of my part of the estate on hand at the time of such marriage, be then divided equally among my surviving children, or their heirs.

"Item Seventh. I hereby constitute and appoint my beloved wife, Alma Hosea Wood, as the sole executrix of this my last will and testament, and guardian of the estates of my children, and I direct that no bond or other security be required of her as such executrix.

"Item Eighth. It is my will that no other action shall be had or taken in the Probate Court with reference to my estate than to properly probate and record this will, and return an inventory of my estate.

"Item Ninth. In the event of the death of my wife, or her failure to act from any cause, then I nominate, constitute and appoint my three oldest sons, Howard B. Wood, Frank W. Wood, and Henry A. Wood, executors of this my will, jointly without bond or other security, and as such they are to have and exercise all the authority and power as hereinbefore given to my said wife.

"Item Tenth. And in case either of my sons fails to qualify or act, from any cause whatever, then either of whom that does qualify may act and discharge the provisions of this will, same as if he had alone been appointed.

"In testimony whereof, I have hereunto set my hand, this the 22 day of April A. D. 1911, in the presence of Dr. T. J. Pier and Mrs. T. J. Pier, who attest the same at my request."

After the execution of the will Frank W. Wood executed a codicil to his will, which was attached thereto as a part thereof, wherein and whereby his wife, Alma Hosea Wood, and his sons, Howard B. Wood and Henry A. Wood, and his daughter, Mattie Reeves Wood, are appointed executrix and executors of his will, without bond or security. It is recited in said codicil as follows:

"In case any one or more of my said executrixes or executors should fail to qualify or act from any cause whatever, then the one or ones of them who may qualify may act and discharge the provisions of my said will.

"I direct that that part of my estate bequeathed to my son, Frank B. Wood, be held and controled by my wife, Alma

Hosea Wood, my sons, Howard B. Wood, and Henry A. Wood, and my daughter Mattie Reeves Wood, and that they use and exercise their own judgment in making advances thereof to my said son Frank B. Wood, such advances to be made at such times and in such amounts as to them may seem proper or expedient.

"Except as to my said, son Frank W. Wood, Item 5 of my said will shall be and remain as therein written.

"It is my will and I direct that no other action shall be had or taken in the probate court in reference to my estate than to properly probate and record this will and return an inventory and appraisement of my estate and list of claims.

"It is my will and desire that this my present codicil be annexed to and made a part of my will to all intents and purposes and this codicil shall control and supercede such part or parts of said will only as may be in conflict with this codicil."

Frank W. Wood, the testator, died, and his will and codicil attached thereto were duly probated, and Alma Hosea Wood, the surviving wife of the testator, duly qualified as executrix of said will and codicil and has at all times since said qualification acted as independent executrix of said will and testament.

After the death of Frank W. Wood, testator, Howard B. Wood, one of the devisees and legatees named in the will, died without issue, and after his death R. B. Lockett was the duly appointed and qualified administrator of his estate. Howard B. Wood left surviving him his wife, Agnes Burt Wood.

Henry A. Wood died after the death of his father, Frank W. Wood, and left surviving him his widow, Zelia Wood, and his two children, Henry Wood, Jr., and Frank W. Wood, III, both being minors at the time of the hearing of this case.

This action was brought by R. B. Lockett, administrator of the estate of Howard B. Wood, deceased, seeking a court construction of the will and testament of Frank W. Wood, deceased.

All of the beneficiaries under the will were made parties defendant, but service was not complete upon the minor defendants, Henry A. Wood, Jr., and Frank W. Wood, III, but with leave of the court, through their mother and next friend, Zelia Wood, intervened in the cause.

The First National Bank, Washington County State Bank, Fred Heineke, and Peden Iron & Steel Company, creditors of Howard B. Wood, deceased, intervened in the cause by leave of the court.

The defendants and the minor interveners answered, admitting all the facts alleged in plaintiff's petition, joined in the plaintiff's prayer for a construction of the will, and did plead their interpretation of the will, to wit, that the estate of Howard B. Wood, deceased, was a defeasible one and terminated upon his death without issue, and that his present estate (succession) owns no right, title, or interest in the estate of Frank W. Wood, deceased.

The intervening creditors likewise joined in the prayer for a construction, pointing out the particulars in which the construction was sought, and pleaded their interpretation, which was that under the undisputed facts the devise to Howard B. Wood became absolute upon his father's, Frank W. Wood's, death, and that the estate of Howard B. Wood is now vested with title in fee simple, to an undivided one-fourth interest, in the estate of Frank W. Wood, deceased.

There is no issue of fact raised by the pleadings, since the answer of the defendants proper, and the petition in intervention of the minors Henry A. Wood, Jr., and Frank W. Wood, III, expressly admitted all the facts alleged by the plaintiff, administrator, and the intervening creditors made no denial whatever of any fact alleged, and neither the plaintiff, nor the defendants, nor the intervening minors, made any denial of any fact alleged by the intervening creditors.

The case was tried before the court without a jury and a judgment rendered construing the will as interpreted by the intervening creditors; that is, to the effect that, upon its being probated, an undivided one-fourth interest in the estate of Frank W. Wood, deceased, vested in fee simple, without condition or defeasance, in Howard B. Wood, and that since his decease such right (fee simple, absolute) has remained and now is fully vested in the estate of said Howard B. Wood, deceased, being administered by plaintiff R. B. Lockett.

From the judgment so rendered, R. B. Lockett, administrator, the defendants, and the minor interveners, Henry A. Wood, Jr., and Frank W. Wood, III, have appealed to this court.

The sole question presented is the construction of the will in controversy with respect to the quality and quantity of the

estate of the devisee, Howard B. Wood, now deceased.

Appellants are asking this court to reverse the interpretation placed upon the will in question by the judgment of the trial court, and to here render judgment giving to said will the legal effect as here contended for by appellants; such contention being as follows: "The will of Frank W. Wood, deceased, did not have the legal effect upon the death of said Frank W. Wood and the probate of his will to vest in Howard B. Wood (now deceased, but who was then living), an absolute and indefeasible undivided one-fourth interest in and to all the property, real and personal, belonging to the said Frank W. Wood, deceased, at the time of his death, but on the contrary, said will had the legal effect, when properly construed, upon the death of Frank W. Wood, deceased, and the probate thereof, to vest in Howard B. Wood, devisee, who was then alive, but who is now deceased, an estate in fee to an undivided one-fourth interest in and to all of the property, real and personal, belonging to the said Frank W. Wood, deceased, at the time of his death, determinable upon condition subsequent, to-wit, the death of said Howard B. Wood without issue, and the said Howard B. Wood having died without issue the estate fee devised to him thereupon determined, and his estate neither owns, nor has ever owned, any right, title or interest whatever in and to the estate of Frank W. Wood, deceased."

The intervening creditors of Howard B. Wood, deceased, are contending that his estate owns an undivided one-fourth fee-simple interest in the estate of Frank W. Wood, deceased, by virtue of the terms of the will of Frank W. Wood, subject only to a life estate in Alma Hosea Wood and certain unimportant limitations.

The contentions of appellants are sustained and it follows as a natural sequence that the contention of appellees is overruled.

■ The cardinal rule of construction of wills always is that the intention of the testator will control. The purpose and efforts of courts is always to ascertain, by all legitimate means, the real intention of the testator and to give effect to it, if the purpose intended be not unlawful. When a will is plain in its terms and unambiguous in its meaning as to the lawful intentions of the testator, as we think the one in question is, there is no cause for construction; it is a mere matter of legal interpretation and enforcement. Courts should never adopt any rule of construction which has the effect to destroy the manifest intention of the testator.

■ This rule of controlling effect of the testator's intention is universal in arriving at the intention of the testator, the court always will consider the instrument from its four corners; every part, sentence, clause or word. Presumably the testator has placed nothing superfluous or meaningless in his will; but he intended every part, sentence, clause, and word to have a meaning and to play a part in the disposition of his property. A provision, clause, or word will be ignored in the construction only where it is clearly illegal or clearly contrary to the general intention of the testator, and therefore introduces an ambiguity calling for construction. Where the will as a whole is capable of a construction which will give effect to every part of the instrument, that construction will be adopted, even though such construction be not the better one, if the provision stood alone for consideration. When the will has been construed by the court, the instrument should be left intact where that is judicially possible, and any construction which would strike down a provision, clause, or word is to be avoided when it is legally possible to find a construction in which the provision, clause, or word will play a part.

This is the real intention of the testator, and this real intention is always the supreme object of attainment in the construction of a will. Wallace v. First National Bank of Paris, 120 Tex. 92, 35 S.W. (2d) 1036; Hughes v. Mulanax, 105 Tex. 576, 153 S. W. 299; Pearce v. Pearce, 104 Tex. 73, 134 S. W. 210; Haring v. Shelton, 103 Tex. 10, 122 S. W. 13; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 145; Lake v. Copeland, 82 Tex. 464, 17 S. W. 786; Gallagher v. Redmond, 64 Tex. 622; Laval v. Staffel, 64 Tex. 370; Brooks v. Evetts, 33 Tex. 732; Philleo v. Holliday, 24 Tex. 38; Cliett v. Cliett, 1 Posey, Unrep. Cas. 407.

■ In this case the intention of the testator is made manifest by the will in every respect relative to the issues here involved.

Item fourth plainly creates, in the first place, a life estate in testator's property,

"to use as she sees proper," in his wife, Alma Hosea Wood.

Item fourth next plainly creates a remainder over, after the termination of the widow's life estate, to the four children; namely, Howard B. Wood, Frank W. Wood, Henry A. Wood, and Mattie Reeves Wood (and such other children as may be born to testator and his wife), share and share alike.

With respect to such remainder, it is provided: "If any of my children shall die without issue, then the interest of such devises (devisees) so dieying (dying) shall revert to and become a part of the corpus of my estate and be divided equally among my surviving child or children and in the proportion and manner as herein stated."

In legal effect, this remainder in the proportions given was of the fee, upon a condition subsequent, to wit, the birth of issue or at least the dying with issue (the distinction between which is unimportant in the present case). This item further provided for a reversion to the testator's estate, in the event any of his children died without issue, thereby creating an estate in reversion remaining with the testator.

Finally, this item by directing that the reversion should pass to the surviving children, to be divided equally, created an estate in fee as to the reversion in the child or children surviving the reversion. The remaining items are of no importance in the present consideration.

Neither are the provisions of the codicil of any importance, except as they may throw light upon the testator's intention to make the remainders of his four children on condition subsequent, to wit, the birth of issue.

So that, the only question of law which can arise in this case is the legality of the will as it involves the manifest intention of the testator.

It is perfectly plain the testator intended, with respect to his children, that his estate, after the termination of his widow's life estate, should go in remainder in fee to those of his children who had issue, but that if any child or children died without issue, that his part or portion should thereupon go to the child or children having issue. He did not intend, in any event, where one of his children died without issue, that any part of his estate should pass to such child's collateral kin, but that it should "revert" and pass, share and share alike, to those children to whom were born issue.

The nature of the estate of testator's children: In determining the matter especially at issue, it is important to consider the nature of the estate taken by testator's children.

A simple remainder to the children, without any qualifying words whatever, would of course be an estate in fee simple. But such is not the remainder here given. It is qualified by the words, "if any of my children shall die without issue, then the interest of such devisees so dying shall revert to and become a part of the corpus of my estate and be divided equally among my surviving child or children and in the proportion and manner as herein stated." This qualification is a lawful one, and limits the estate granted. It creates what is known as a "determinable fee." 10 R. C. L., § 8, p. 652. For other cases in point, see Chace v. Gregg, 88 Tex. 552, 32 S. W. 520; Laval v. Staffel, 64 Tex. 370; Rosson v. Bennett (Tex. Civ. App.) 294 S. W. 660.

The will in this case provides that in case of reversion the reversion shall be "divided equally among my surviving child or children, and in the proportions and manner as herein stated." In other words, there is a limitation over of the estate in case of conditions broken.

It follows, necessarily, that if the estate once divided determines and again becomes an original estate, that the owner may grant or devise it by limitation over to another, and that is what has been done in the present case.

We have carefully considered the provisions of the will in question and the evidence adduced, and have reached the conclusion that the estate of Howard B. Wood is not entitled, under the provisions of the will, to any interest in the estate of Frank W. Wood, deceased, and since this is the only issue involved in the case, the judgment of the trial court is reversed and judgment is here rendered in accordance with such conclusion.

Reversed and rendered.