COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 MICHAEL ROBERTS
 AND 
 JUDITH LEE BERRY,
  
                            
 Appellants,
  
 v.
  
  
 EVA WILSON,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00153-CV
  
 Appeal from the
  
 355th
 District Court 
  
 of Hood
 County, Texas 
  
 (TC# C2010366) 
  
 
 


 

O
P I N I O N

            Appellants
appeal a partial summary judgment in favor of Appellee and the judgment of the
trial court in granting Appellee’s petition for partition.[1]  Appellants bring six issues:  (1) error in the trial court’s granting of
partial summary judgment; (2) error in the trial court’s ruling on the effects
of a partition deed on a determinable fee or other special conditions and the
warranty elements of a partition deed; (3) error by the trial court in
construing the wills of Loyd E. Wilson and Verna Mae Wilson; (4) error in ordering
the remaindermen to reimburse a part of the real property ad valorem taxes to the possessory life tenant; (5) error in an
award of attorney’s fees; and (6) “miscellaneous” errors on nine collateral
issues.  For the reasons that follow, we
affirm.

PROCEDURAL
BACKGROUND

            Appellee Eva Wilson filed an original
petition seeking partition of real and personal property and a declaratory
judgment relating to property inherited by Appellee’s spouse, Gerald Wade
Wilson (“Gerald”)[2],
by operation of the Wills of Loyd E. Wilson (“Loyd”) and Verna Mae Wilson
(“Verna”) on August 3, 2010 (“Will” or “Wills”).  Appellee named Michael Roberts, Judith Lee
Berry (collectively, “Appellants”), and Angela Jan Roberts as defendants in the
action, and Appellants answered and filed a counterclaim for a declaratory
judgment.[3]  Appellee later amended her petition, seeking
to quiet title, partition personal property, and declare judgment relating to mineral
interests of property inherited by Gerald. 
Appellee filed a Motion for Partial Summary Judgment (“PSJ”) asking the court
to determine as a matter of law that the Wills did not create a possibility of
reverter; that by conveying the property to Gerald as a fee simple without
reservation that Appellants were estopped from asserting any inconsistent
interest; and that Appellee was entitled to recover attorney’s fees.  Appellants opposed, requesting that the trial
court deny Appellee’s PSJ, enter a declaratory judgment “properly setting forth
the intent and proper interpretation” of the Wills, and to grant Appellants’
motion for reasonable attorney’s fees. 
However, other than attaching responsive evidence relating to Appellants’
attorney fee argument, Appellants simply reattached the evidence offered by
Appellee in her PSJ.  Appellants
presented no new evidence.  Following a
hearing on December 10, 2010, the trial court granted the PSJ in favor of
Appellee.

A bench trial was held on January 20,
2011.  Following that, the trial court
ruled in favor of Appellee and ordered a partition and appointed
commissioners.  Appellee filed proposed
findings of fact and conclusions of law (after these were requested by
Appellants) which were accepted by the trial court.  Appellants did not file their own proposed
findings and the record does not reflect any objection(s) to Appellee’s
proposed findings and conclusions.  Appellants
filed a motion for new trial, which was overruled by operation of law.  Appellants timely appealed.

FACTUAL
BACKGROUND

            Loyd and Verna Wilson owned, among
other property, approximately 230 acres in Hood County, which is the source of
the real property at issue in this appeal. 
Loyd and Verna had three children:  Gerald, Judith Lee Berry, and Janice
Roberts.  Janice Roberts had two children:
 Michael Roberts and Angela Jan Roberts.  Loyd died in 1996 and his Will was admitted
to probate the next month.  At the time
of his death, Loyd and Verna owned a community estate consisting of the 230
acres, assorted personal property, and other real property and mineral
interests which are not at issue.  On
Loyd’s death, Verna inherited Loyd’s half of the community estate (as an income
beneficiary and as Trustee for their children) and all of Loyd’s separate real
property, while continuing to own an undivided one-half interest in the
community estate.  The remainder of the
property went into the Loyd Wilson Trust.  In 2001, Loyd and Verna’s daughter Janice
died.

            Verna died in 2007 and her Will was
admitted to probate in 2007.  Verna’s Will,
Paragraph 5.01, provided that because Loyd predeceased her, all of her
property, both real and personal, was left to her three children, Judith,
Gerald, and Janice, in equal shares.  Because
Janice predeceased Verna, her one-third interest in the estate was left to Michael
and his sister Angela, pursuant to Paragraph 5.02 of Verna’s Will.  On Verna’s death, the Loyd Wilson Trust
terminated and the property interests in the trust were distributed pursuant to
the terms of the wills.  Paragraph 5.03
of Verna’s Will (which is a prime subject of the litigation) provides:

On
the date of the execution of my Will, my son, Gerald Wade Wilson, has no child
or children or their descendants, and in the event he dies without child or
children or their descendants, all property herein devised and bequeathed to
him shall pass to and vest in the other two (2) devisees and legatees, in equal
shares.

 

The
distribution of Verna’s estate is disputed by Appellants and Appellee.

            In 2008, Angela transferred the
entirety of her interest in the estate to Michael.  To effectuate this transaction the executors
of Verna’s estate and the Trustees of the Loyd Wilson Trust executed deeds
which conveyed an undivided one-third interest in the 230 acres of real property
to Gerald, Judith, and Michael.  On
September 29, 2008, Judith and Michael executed a general warranty deed,
captioned “Partition Deed,” transferring a surface estate in three tracts
totaling about 104 acres[4]
of the 230 acres to Gerald as grantee. 
The deed was made without reservations.

            Gerald died intestate in January of 2010
without leaving any children.  At the
time of his death, Gerald and Appellee resided on the 104 acres, and Appellee
continues to occupy and claim 100 acres as homestead property.

Michael
filed an “Affidavit of Fact and Notice of Claim of Reverter” in the Real
Property Records of Hood County on March 8, 2010, in which he claimed that
property inherited by Gerald from Loyd and Verna was subject to a reverter
clause contained in Paragraph 5.03 of the Wills.  Appellee filed the instant case on August 3,
2010, seeking to (a) establish Appellee’s ownership of the interests for the
purposes of partition, and (b) to obtain a declaratory judgment construing the
Wills and the Partition Deed to resolve the dispute about Appellee’s ownership
of these interests, subject to her homestead life estate in 100 of the 104
disputed acres.

DISCUSSION

Appellants bring
six issues, requesting that this Court:  (1)
reverse and overrule the judgments of the trial court in all things; (2)
construe the Wills and particularly Paragraph 5.03 and recognize the
determinable fee condition; (3) apply the Wills to the facts of the case and
order that an interest in estate assets possessed and held by Gerald at the
time of his death reverts to the estates of Loyd and Verna for distribution to
Appellants; (4) find that the voluntary Partition Deed had no adverse effect on
title to the real property or the determinable fee and does not constitute
estoppel of Appellant’s rights to rely on the determinable fee; (5) overrule
all awards of attorney’s fees to Appellee’s counsel and order all costs be paid
by Appellee; and (6) find that Appellee is responsible for payment of ad valorem taxes on the real property
claimed as her life estate as the surviving widow and that the partition award
of real property to compensate for taxes be set aside.

Errors relating to Partial Summary Judgment


            In
their first issue, Appellants argue that the trial court erred in granting partial
summary judgment to Appellee.  Appellants
assert that by granting the PSJ, the trial court “cut off a fair hearing on the
merits of the Will contest issues . . .” and that there were contested issues
of fact which were foreclosed by the granting of the PSJ.  Appellants argue that there is insufficient
legal evidence that warranted a title to Gerald, and that his source of title
was from Loyd’s and Verna’s estates.  Appellants
argue that the interpretation, construction, and application of both Wills were
fact issues foreclosed by the grant of summary judgment.

            Appellate
courts review declaratory judgments under the same standards as other judgments
and decrees.  In re Estate of Tyner, 292 S.W.3d 179, 182 (Tex.App--Tyler 2009, no
pet.).  We review summary judgments de novo. 
Blanchard v. Brazos Forest
Products, L.P., 353 S.W.3d 569, 571 (Tex.App.--Fort Worth 2011, pet.
denied); Tex.R.Civ.P. 166a(c).  We consider the evidence presented in the
light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding evidence contrary to the
nonmovant unless reasonable jurors could not. 
Cunningham v. Zurich American Ins.
Co., 352 S.W.3d 519, 524 (Tex.App.--Fort Worth 2011, pet. filed).  When a trial court does not specify the
grounds on which the judgment is based, we will affirm the judgment if it is
correct on any legal theory expressly placed at issue and supported by the
evidence.  Tex.R.Civ.P. 166a(c); Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001)(per curiam)(holding
that when the grounds for the ruling are not specified, we affirm “if any of
the theories advanced are meritorious”). 
As Appellee asserted alternative grounds for the relief requested, specifically
that Appellee either has an interest in the estate property rendered by
construction of the Wills or by the Partition Deed, and the trial court did not
specify the reason for granting the PSJ, then the summary judgment will be
affirmed if either of her grounds has merit.

Appellants first
argue that there was no evidence or insufficient evidence to grant Appellee’s
motion.  Appellants then assert that
there were disputed issues of fact which were cut off by the trial court’s
grant of summary judgment.  Appellants
later argue that the possibility of more than one reasonable construction of
the Wills is an issue of fact which would preclude summary judgment.  We disagree.

To begin, we note
that the Uniform Declaratory Judgments Act (“UDJA”) is intended “to settle and
to afford relief from uncertainty and insecurity with respect to rights . . .
and it is to be liberally construed and administered.”  Tex.Civ.Prac.&Rem.Code
Ann. § 37.002 (West 2008).  The
UDJA provides that “[a] person interested under a . . . will . . . may have
determined any question of construction or validity arising under the
instrument . . . and obtain a declaration of rights, status, or other legal
relations thereunder.”  Tex.Civ.Prac.&Rem.Code Ann. §
37.004(a).  Spouses, creditors, or “any
others having a property right in, or claim against” an estate being
administered are “interested persons” with standing to contest a will or
construe its provisions and they may do so in a declaratory judgment
action.  See Tex.Prob.Code Ann.
§ 3(r)(West Supp. 2011); In re
Estate of Florence, 307 S.W.3d 887, 891-92 (Tex.App.--Fort Worth 2010, no
pet.).  Based on the UDJA and the cases
noted above, Appellee is an “interested person” with standing to contest a will
and the UDJA is an appropriate vehicle for her to do so.  Furthermore, her First Amended Petition sets
forth underlying facts regarding the property at issue and sought a judicial
declaration that Appellee owns a one-half interest in such property based on
the construction of the Wills and Partition Deed.  Summary judgment was a procedurally appropriate
method to dispose of the issues presented.

Construction of the Wills

            The
proper standard for reviewing a will is to examine the testator’s intent, which
is ascertained by looking at the language contained within the four corners of
the will.  Estate of Florence, 307 S.W.3d at 893.  “If possible, all parts of the will must be
harmonized, and every sentence, clause, and word must be considered in
ascertaining the testator’s intent.”  Id., citing
Steger v. Muenster Drilling Co., Inc., 134 S.W.3d 359, 372 (Tex.App.--Fort
Worth 2003, pet. denied).  The question
is not what the testator intended to write, but the meaning of the words
actually used.  In re Estate of Peyrot, 2006 WL 1919130, *3 (Tex.App.--Fort Worth
2006, no pet.).  Whether a will is
ambiguous is a question of law for the court. 
Id., citing Steger, 134 S.W.3d at 373. 
“If the court can give a certain or definite legal meaning or
interpretation to the words used, the will is unambiguous, and the court should
construe it as a matter of law.”  In re Estate of Peyrot, 2006 WL 1919130,
at *3.  A term is not made ambiguous because parties
offer differing interpretations of a term. 
Id.

            The
record shows that Appellee provided both Loyd’s and Verna’s Wills to the trial
court in her motion.  The Wills are “mirror-image”
wills, with each spouse devising their estate to the other and, in the event one
spouse predeceased the other, to their children in equal shares.  On Loyd’s death, his Will bequeathed his
community and personal property to Verna, with the remainder of his property passing
into the Loyd Wilson Trust.  Verna is the
income beneficiary of the trust during her life.  The specific terms of the Loyd Wilson Trust
provide that it terminates on the death of Verna and that the executor of
Verna’s will shall distribute the balance and remainder of the Trust corpus to
their children, in equal shares.  Article
4 of the Will provides that if Verna remarried, the trust terminates and passes
to the children in equal shares, and that if she does not remarry, the trust
terminates on her death and the trust property passes to “the above named three
children in equal shares.”

The entirety of
Article V of Verna’s Will reads as follows[5]:

5.01 In the event my
husband, Loyd E. Wilson, should predecease me, after payment of all of my just
debts including funeral expenses, expenses of last illness and expenses
incident to the probating of this Will, any inheritance and/or estate taxes, I
will, devise and bequeath all of my property, both real and personal, to my
children, namely: JUDITH LEE BERRY, GERALD WADE WILSON, and JANICE RUTH ROBERTS,
in equal shares.

 

5.02 In the event
either of my three children should predecease me, all property herein devised
and bequeathed to him or her shall be and become property of his or her
children or descendants living at the time of my death, such children to take
in equal shares, and any such descendants to take per stirpes.

 

5.03
On the date of the execution of this Will, my son, Gerald Wade Wilson, has no
child or children or their descendants, and in the event he dies without child
or children or their descendants, all property herein devised and bequeathed to
him shall pass to and vest in the other two (2) devisees and legatees, in equal
shares.

 

            Appellants argue that 5.03 creates a
“reverter” or defeasible or determinable fee interest, asserting that the
interpretation of such reverter is that if Gerald dies without a child, at any
point in time, his share in the estate passes to Appellants.  Appellants refer to Lockett v. Wood, 84 S.W.2d 798, 802-3 (Tex.Civ.App.--Galveston
1935, no writ) to support their argument that the clear intent of Paragraph
5.03 “is to cause a reversion of the Wilson Estate assets in Gerald’s hands at
his death, if he be then without child or issue of child.”  We find that the language of the will at
issue in Lockett is distinct from the
Wills here.  The Lockett will provision specifically provided:

If any of my children
shall die without issue, then the interest of such devises (devisees) so
dieying (dying) shall revert to and become a part of the corpus of my estate
and be divided equally among my surviving child or children and in the
proportion and manner as herein stated.

 

Lockett, 84 S.W.2d at 802 (error in
original as reported by court).

The
plain language of the Lockett will provides
that the estate property shall “revert.” 
The term “revert” does not appear in either Will at issue here.  As noted in Estate of Florence and Lockett,
we construe the instrument from its four corners, and nowhere in either Will does
the word “revert” appear.

            We note that Lockett is from a line of cases which authorize the possibility of
estate property reverting, or acting as a determinable fee.  See St.
Paul’s Sanitarium v. Freeman, 102 Tex. 376, 378, 117 S.W. 425, 426 (Tex.
1909)(holding that death without lawful issue means death “at any time” while
relying on case where the bequest provided the defeasible gift through the
occurrence of “the event of A. dying at any time”); Federal Land Bank of Houston v. Little, 130 Tex. 173, 180, 107
S.W.2d 374, 378 (Tex.Com.App. 1937)(affirming St. Paul holding).  We find
that the St. Paul reasoning does not
apply to the instant case.  As noted in Hart v. Rogers, 527 S.W.2d 230
(Tex.Civ.App.--Eastland 1975, writ ref’d n.r.e.)(affirming St. Paul rationale), the rule which the St. Paul court construed was as follows:

Where the testator vests the first
taker with the fee, as opposed to a life estate or term for years, but further
provides for a gift over in the event of the first taker's death, and such
death is coupled with a contingency which may or may not take place, the gift
over, unless controlled by other provisions of the will, takes effect upon the
first taker's death at any time, whether before or after that of the testator.

 

Id. at 232.

This
rule distinguishes the St. Paul line
of cases from the instant case.  Here, in
Loyd’s Will the “first taker” would be Verna as a fee simple for the community
property and the Loyd Wilson Trust for the remaining property.  Once Verna died, the Trust terminated and
that property passed under the terms of Loyd’s Will to their children.  In Verna’s Will, Loyd was the first taker for
the fee simple, and her Will provided a gift over to the children in the event
he predeceased her.  Comparing the terms
of the Wills here to the wills at issue in Hart
v. Rogers and St. Paul, Gerald
would not be in the position of a “first taker” and the St. Paul rationale would not apply.

A
more appropriate interpretation of the facts of this case comes from the line
of cases stemming from the decision in Flores
v. De Garza, 44 S.W.2d 909 (Tex.Com.App. 1932), an opinion approved by
Supreme Court, which held that a provision in a will providing for a devise over
to another after the remainderman dies without issue means death prior to the
termination of the intervening estate, and that the remainderman is vested with
fee simple title at the termination of such prior intervening estate, unless
the language of the will discloses a different intent.  Flores,
44 S.W.2d at 910-11.  See also Harrison v. Brown, 422 S.W.2d
718 (Tex. 1967)(affirming holding that will terms meant that on the death of
the life tenant the fee would vest indefeasibly in the life tenant’s living
children); Harrison v. Brown, 416
S.W.2d 613, 618-19 (Tex.Civ.App.--Corpus Christi 1967), writ ref’d n.r.e., 422 S.W.2d 718 (Tex. 1967)(disagreeing with
appellant’s argument that the term “die without issue” should be construed to
mean “at any time” and positively citing Flores
in support).  The instant case is very
similar to Bloodworth v. Bloodworth,
467 S.W.2d 218 (Tex.Civ.App.--Eastland 1971, writ ref’d n.r.e.).  In Bloodworth,
the terms of the will provided that real property was devised to the testator’s
son, subject to a twenty-year trust on such real estate.  In creating the trust the will contained a
paragraph providing:

If
any of my children should die without issue then the survivors shall be
entitled to my real estate, and to the rents, bonuses and royalties that may be
derived therefrom. Should any of my children die with issue then the child or
children of such deceased child or children shall be entitled to the portion or
portions to which his or their respective parents would have been entitled
under this will.

 

Bloodworth, 467 S.W.2d at 220.

            The appellant in Bloodworth was the spouse of one of the
testator’s children, who died intestate and without issue, and died 21 years
after the trust terminated.  The trial
court granted summary judgment in favor of the other siblings and the Court of
Civil Appeals reversed in favor of the appellant.  The court noted both the St. Paul rule and the Flores
rule held that the disposition was governed by Flores.  Bloodworth, 467 S.W.2d at 220-21. 
The court noted that appellant’s husband did not die while the trust was
in existence and therefore, construing the will in accordance with Flores, an interest in the trust vested
in him at the end of the trust estate and title to the real property devised to
him.  As the court noted, “[t]he language
of the will as a whole is fairly susceptible of this construction and there is
nothing in the will showing a different intent.” Id. at 221.  See also Stanley v. Brietz, 612 S.W.2d
699, 702-03 (Tex.Civ.App.--Waco 1981, writ ref’d n.r.e.)(affirming construction
of will in applying Flores and Bloodworth and holding that will of
testatrix who passed life estate with similar restriction to three sons vested
sons with indefeasible fee simple title at the time of the testatrix’s death
and widow of one son was entitled to intestate share of her husband’s interest).

            All
parties agree that the Wills and Partition Deed are unambiguous.  Appellants assert that there is no dispute
regarding Articles I through IV of the Wills. 
It is undisputed that Loyd died first and his Will was probated.  This meant that at the time of his death, his
community and certain personal property passed to Verna in fee simple by
operation of Article 3.01 of the Will, with the remainder of his property
passing into the Loyd Wilson Trust, and that Verna would be the income
beneficiary of the trust during her life.  On Verna’s death, the Loyd Wilson Trust
terminated and the interests in the trust property passed to the children in
equal shares, pursuant to Article 3.07 of the Will.  The children included Gerald Wilson, listed
as a child in Article 3.01, who was alive at the time that both Loyd and Verna
died.  There is no defeasible fee which
operated on Gerald, who was not the first taker.  Therefore, Gerald inherited (as his separate
real property) a fee-simple, undivided one-third interest in the entire 230
acres from the community estate of Loyd and Verna (half of which passed to him
from Loyd’s trust, and half from Verna’s estate).  When Gerald died intestate and without issue,
the Texas Probate Code §§ 38(b)(2) and 45 provided that his property would be
distributed as follows:  50 percent of
his separate real property to his surviving spouse (Appellee), and 50 percent
to his surviving collateral relatives (25 percent to Judith, and 25 percent
split evenly between Michael and Angela).

The trial court
entered summary judgment in favor of Appellee, holding that Appellee owns an
undivided one-half interest in the real property the subject of this suit
having inherited such one-half interest by intestate succession as a result of
the death of Gerald Wade Wilson.  We find
no error by the trial court in granting Appellee’s summary judgment by
construing the Wills in this manner, which is a meritorious argument as noted
in Dow Chemical, and therefore the
summary judgment was properly granted. 
Appellants’ first issue is overruled.

Error in ruling on Partition Deed and error
in construing Wills

            The second and
third issues raised by Appellants flow naturally from the first issue and we address
them together.

In their second
issue, Appellants argue error in the trial court’s ruling on the effects of a
partition deed on a determinable fee or other special conditions and the
warranty elements of a partition deed.  Appellants
argue that the limitation contained in the Will (the determinable fee) was not
waived by the Partition Deed nor did it constitute a breach of warranty.  In their brief, Appellants start by stating
that “All parties were conveyed title to their undivided interest by the Wills
. . . .”  Appellants then argue that when
a partition is made with a joint holder who would be entitled to a life estate,
a partition is not prejudicial to those entitled to reversionary interests.  Appellants argue that because Gerald’s interest
was a determinable fee, the reservations contained in the Partition Deed served
as constructive notice that there was a reverter clause.

Appellants third
issue asserts error by the trial court in construing the Wills of Loyd and
Verna and argue the issue of Paragraph 5.03 creating a reverter or determinable
fee.

We disagree.  Both of these issues hinge on Appellants’
assertions that the Wills created a determinable fee and reverter.  As the trial court did not err in construing
the Wills and in doing so, rejected Appellants’ claim of there being a reverter
clause, Appellants’ arguments relating to their second issue are without merit
and are overruled.  As the trial court properly
construed the Wills in the Partial Summary Judgment and found that Appellee was
entitled to a one-half share of the estate property through intestate
succession from Gerald’s undivided one-third interest, Appellants’ third issue
is overruled.

Error relating to payment of Ad Valorem Taxes    

            Appellants
argue that the trial court erred in ruling that the remaindermen are to
reimburse a part of the real property ad
valorem taxes to the possessory life tenant and that the court erred in
ordering a disproportionate partition of land to compensate the life tenant for
remaindermen’s non-participation in payment of ad valorem taxes.

In the court’s
findings of fact and conclusions of law, the trial court found that Appellee paid
$1,423.86 in ad valorem taxes on the
jointly owned real property.  The trial
court concluded that Appellee should be compensated in the partition for
one-half of the ad valorem taxes she
paid “or $711.93 by award of additional real property with such value from
Defendants’ property.”[6]  In the Decree Ordering Partition, the court
ordered that the Commissioners set aside $711.93 to compensate Appellee for
such payments.  The Decree also ordered
the sheriff to seize and sell a list of personal property which could not
otherwise be partitioned.

            As
discussed above, Appellee is not a life tenant but is the intestate successor
to one-half of Gerald’s estate, which included a one-third interest in his
parents’ estate, including real property which was the subject of the Partition
Deed.  Appellants’ claim that Appellee is
a life tenant is without merit, rendering their arguments that taxes are the
obligation of the life tenant moot for the purposes of this appeal.

            Appellants
argue that they have been “judged” out of a part of their inheritance for
failing to pay ad valorem taxes owed
by a possessory life tenant.  Appellants
further argue that there is no authority for a unilateral confiscation of real
property under the theory that the property confiscated should be awarded to a
life tenant as compensation paid for taxes paid by such life tenant.  Again, as Appellee is not a possessory life
tenant, these arguments are without merit.[7]  See
Sargeant v. Sargeant, 15 S.W.2d 589, 593 (Tex.Com.App. 1929)(finding life
tenant responsible for payment of current taxes).

Appellants have
not provided any arguments to this Court unrelated to their assertion that
Appellee is a life tenant.  As these
arguments have no merit based on Appellee being a rightful holder of an
interest in property and capable of seeking partition and reimbursement for ad valorem taxes paid, we overrule
Appellants fourth issue.

Error in granting award of attorney’s fees

            In
their fifth issue, Appellants argue that Appellee has failed to establish
statutory authority for a claim for attorney’s fees on her partial summary
judgment and presented no evidence on which to base and determine reasonable
attorney’s fees.  Appellants argue that
alternatively, there is insufficient evidence presented by Appellee to recover
attorney’s fees.  We disagree.

            The
Declaratory Judgment Act grants the trial court the discretionary authority to
award attorney’s fees.  Specifically, the
trial court may award reasonable and necessary attorney’s fees “as are
equitable and just.”  See Tex.Civ.Prac.&Rem.Code
Ann. § 37.009 (West 2008).  We
review an award of attorney’s fees pursuant to the UDJA for abuse of discretion.
 See
Bocquet v. Herring, 972 S.W.2d 19, 20-1 (Tex. 1998); Poag v. Flories, 317 S.W.3d 820, 828 (Tex.App.--Fort Worth 2010,
pet. denied)(same).

As Appellee sought
a declaratory judgment, pursuant to the UDJA, we find that the trial court was
statutorily authorized to award reasonable and necessary attorney’s fees, in
its discretion.  See Zurita v. SVH-1 Partners, Ltd., 2011 WL 6118573, *8 (Tex.App.--Austin
2011, pet. denied)(“It is undisputed that AZR sought declaratory relief against
the Landlord under the UDJA.  Thus, the
trial court was authorized to award attorney’s fees to any party with pleadings
requesting them.”), citing Purvis Oil Corp. v. Hillin, 890 S.W.2d
931, 939 (Tex.App.--El Paso 1994, no writ)(concluding that party moving for attorney’s
fees in declaratory judgment action need not specify statutory authority for
award so long as that party has pleaded for attorney’s fees).

The record
reflects that Appellee’s counsel did not provide an affidavit regarding attorney’s
fees at the summary judgment hearing.  The
summary judgment motion asked that the trial court declare that Appellee is
entitled to recover her reasonable attorney’s fees incurred to quiet title to
the property at issue.  The order signed by
the trial court provided “Plaintiff is entitled to recover her reasonable
attorney fees incurred to defend title warranted by Defendants . . . against
the claims asserted herein by such Defendants.”  At trial, counsel for Appellee testified that
the reasonable and necessary fees incurred for the quiet title action through
the partial summary judgment action were $4,500.00.[8]
 While Appellants’ counsel objected, the
trial court noted that the order granting the partial summary judgment provides
for an award of attorney’s fees and that Appellee’s counsel was being allowed
to prove them up at trial.  This amount
was reflected in the findings of fact issued by the court.

We find that the
trial court did not abuse its discretion in awarding Appellee attorney’s fees
and that the amount of the fees awarded in relation to the partial summary
judgment was reasonable and necessary and supported by the evidence.

Appellants argue
that the trial court order awarding the attorney’s fees were not made conditional
as required by Texas law.  The Partition
Decree does state that Appellee is entitled to recover her reasonable attorney
fees incurred to quiet title “together with additional amounts in the event of
an appeal.”  We note that the record
reflects that after the trial, counsel for Appellee filed a Motion to Modify
Judgment, where Appellee noted that at the trial, counsel specifically conceded
that the attorney’s fees for the appeal are conditional.  Appellants’ fifth issue is overruled.

Miscellaneous Error

            In their final
point, Appellants raise nine collateral issues in which they claim error on the
part of the trial court.  While
Appellants note that they believe the errors are “self-correcting” if the Wills
are properly construed, Appellants stated they did not waive these errors.

We address these
issues in turn, but note that Appellants failed to direct this Court to any
legal authority in support of any of these issues (save for a brief mention of
two case names with no specific reference in their seventh miscellaneous error)
and that this issue could be overruled at the outset.  See
Tex.R.App.P. 38.1(i); Fredonia State Bank v. Gen. Am. Life Ins.
Co., 881 S.W.2d 279, 284-85 (Tex. 1994)(discussing the “long-standing rule”
that an appellate point may be waived due to inadequate briefing); Rhoades v. Prosser, 2010 WL 1999150, *4
(Tex.App.--Fort Worth 2010, no pet.)(noting same and overruling issue for
failing to brief).

            Appellants
first argue that the Decree Ordering Partition and Appointing Commissioners was
entered less than thirty (30) days after the grant of the PSJ and that the
personal property which was ordered to be seized and sold was not before the
trial court and that neither the Trustee nor independent executor was made
party to the suit, depriving the trial court of jurisdiction.  We note that the plain language of the Wills
terminates the trust at the death of Verna, so no Trustee existed as of
2007.  We also note that the issue of the
personal property was pled by Appellee in her original petition.  Appellant Judith Berry was appointed
Co-Executor of Verna’s estate, along with Gerald.  Appellants did not filed a verified denial of
liability in the capacity sued, nor was there a defect in the parties claimed
by Appellants.  See Tex.R.Civ.P.
93.2, 93.4.  Appellants’ argument that
the personal property was not before the trial court is without merit.

            The
second and third miscellaneous errors asserted by Appellants concern the
argument that the attorney’s fee award was not made conditional and was
erroneously included in the findings of fact and conclusions of law.  As we have overruled Appellants’ argument on
this issue previously, we overrule these arguments as well.

            Appellants’
fourth and fifth points of miscellaneous error assert that there is either no
evidence or insufficient evidence to support Finding of Fact 10 (that Gerald
owned an undivided one-third interest in the personal property of the estates)
or to support Finding of Fact 11 (that Appellants each owned a one-third
interest in the personal property of the estates).  Appellants argue that there are no closing
documents from the Probate Court to support otherwise and that Appellants each
own a one-half undivided interest in the estate property.  Appellants’ argument is predicated on this
Court’s sustaining their objection to Issues One and Three, which was
overruled.  We overrule the fourth and
fifth miscellaneous errors.

            Appellants’
sixth and seventh miscellaneous errors allege error in Conclusion of Law 3
(error in finding that Gerald owned property that was not subject to a
determinable fee) and Conclusion of Law 5 (that the remaindermen should pay for
the property taxes held by a life tenant). 
These issues are duplicative of the arguments made by Appellants earlier
and we overrule these issues.

            Appellants’
eighth issue is that Conclusion of Law 6 is not specific enough to identify
what personal property is vague and cannot be comprehended, followed, or
enforced.  We note that Appellants did
not raise this issue in their Motion for New Trial, which could be deemed a
failure to preserve error.  Compare McClary v. Thompson, 65 S.W.3d
829, 833 (Tex.App.--Fort Worth 2002, pet. denied)(noting that error preserved
when motion for new trial complained about characterization of holdings in
findings of fact and conclusions of law). 
Nor did Appellants explain how this error is harmful.  See
Tex.R.App.P. 38.1(i).  Conclusion of Law 6 states “The jointly owned
personal property should be sold in accordance with Texas Rules of Civil Procedure
Rule 775.”  We note that Findings of Fact
10 and 11 specifically mention the personal property and note exhibits where
this property is found, but that Appellants did not object to these as being
vague.  We find that the argument that
this Conclusion of Law is “vague” to be without merit and overrule this
miscellaneous error.

Appellants’ final
miscellaneous error is that the trial court erred in approving the Sworn Report
of the Commissioners dated April 8, 2011. 
This report is not before this Court. 
Appellants listed it in an appendix to their brief, but the report was
issued after Appellants filed their notice of appeal.  Appellants failed to list the report in their
Designation of Additional Matters for Inclusion in Record on Appeal dated April
25, 2011.  This report was not included
in the supplemented clerk’s record, which was wholly limited to the return of
service for Angela Roberts.  The burden
is on Appellants to request and provide a complete record.  See
Tex.R.App.P. 34.5(a),(b); Mitchell v. Burlington Northern and Santa Fe
R. Co., 2004 WL 1119593, *1 n.3 (Tex.App.--Fort Worth 2004, no pet.)(noting
same).  Appellants’ ninth point of
miscellaneous error is not properly before this Court and is therefore
overruled.[9]

            Finding no
sustainable points in any of the miscellaneous errors presented by Appellants,
Appellants sixth issue is overruled.

CONCLUSION

            The
trial court did not err in granting of partial summary judgment in favor of
Appellee, and further, there was no error in the trial court’s ruling on the
effects of the Partition Deed or in construing the Wills of Loyd E. Wilson and
Verna Mae Wilson.  The trial court did
not err in ruling that Appellants are to reimburse a part of the real property ad valorem taxes to Appellee.  There was no error in the trial court’s award
of attorney’s fees, nor were there any “miscellaneous” errors.  We affirm the judgment of the trial court.

July
5, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1] This case was transferred from the Second Court of
Appeals to this Court pursuant to a docket equalization order entered by the
Texas Supreme Court.  See Tex.Gov’t Code Ann. § 73.001 (West
2005).  We have applied precedent of the
Fort Worth Court of Appeals.  See Tex.R.App.P. 41.3.





[2] The relevant parties will
be referred to herein by their first names. This is done to maintain clarity
among several persons with common surnames.

 





[3] Defendant Angela Roberts, sister of Michael Roberts, did not respond to
service of the summons.





[4] While the reporter’s
record indicates that this tract could be either 103.8 or 104 acres, the
parties generally define this as 104 acres and we will do so as well.





[5] The provisions are a
mirror-image in Loyd’s Will, with Loyd leaving his property to Verna in 5.01.





[6] Appellee argues that Appellants have failed
to properly preserve this issue, noting that Appellants fail to direct this Court
to any part of the court record where this complaint was presented and ruled on
by the trial court.  We note that the
record contains a Motion for New Trial filed by Appellants, which includes an
argument that the ad valorem taxes
should not have been ordered by the court. 
The motion was overruled by operation of law.  See
Tex.R.Civ.P. 329b(c).  We find the issue was properly preserved for
the appeal.





[7] Appellants cite Hill v. Hill, 623 S.W.2d 779, 780-81
(Tex.App.--Amarillo 1981, writ ref’d n.r.e.), specifically the language the Hill court cites from Coleman v. Banks, 349 S.W.2d 737
(Tex.Civ.App.--Dallas 1961, writ ref’d n.r.e.) noting that possessory life
tenant must bear expenses of the care and preservation of property, including
taxes.  However, the Hill court declined to adopt this language, finding that Texas
jurisprudence had changed since that statement was made.  Hill,
623 S.W.2d at 780.





[8] Counsel also testified as
to reasonable and necessary fees should the matter be appealed.





[9] Appellee correctly notes
that a partition suit there are two judgments, each of which is capable of
appeal.  See Marmion v. Wells, 246 S.W.2d 704, 705-06 (Tex.Civ.App.--San
Antonio 1952, writ ref’d).  Appellee
argues that Appellants have only appealed the first judgment of partition, that
of the trial court, and that the appeal of the Commissioner’s Report are part
of the second judgment.  As Appellants
have failed to present this issue to this Court, we will not address the merits
of this argument.