## FLORES et al. v. DE GARZA et al.
### No. 1500—5785.
Commission of Appeals of Texas, Section A.
Jan. 6, 1932.

Hill & Hill, of Laredo, and Arnold & Cozby, of San Antonio, for plaintiffs in error.

Gordon Gibson and W. W. Winslow, both of Laredo, for defendants in error.

### HARVEY, P. J.

Estanislao Flores and his wife, Leonarda, owned in their lifetime certain community lands. They had no children of their own, but had two foster children, a girl, Eulalia Dominguez, and a boy, Filemon Flores. Estanislao Flores died in Zapata county, in the year 1895, leaving the following will:

"The State of Texas,
"County of Zapata.

"I, Estanislao Flores of the County and State aforesaid, being of sound mind and disposing memory do make this my last Will and Testament, hereby revoking all others heretofore by me at any time made.

"1st. I desire that my body be buried in a decent and Christianlike manner suitable to my station in life.

"2nd. I desire and direct that all my just debts be paid without delay by me Executrix hereinafter named.

"3rd. I give and bequeath to my beloved wife Leonarda Benavides Cuellar all my property, both real and personal of whatever nature and description, with all and singular the rights, members and appurtenances to the same in any manner belonging, to have and to hold during her natural life, and at her death to be equally divided between Filemon Flores, son of Cesareo Flores, and Eulalia Dominguez, daughter of Reymundo Dominguez, children whom we raised and consider as our own.

"4th. In case either of the beneficiaries should die without issue, then the whole of the estate shall go to the survivor or his or her issue.

"5th. I hereby constitute and appoint my beloved wife Leonarda Benavides Cuellar sole Executrix of this my last will and Testament, without bond for due and legal performance of same.

"In testimony whereof I have hereunto set my hand this 28th day of December, A. D. 1892.

"Estanislao Flores.
"Witnesses:
  "Jasinto Garcia.
  "R. A. Haynes."

Leonarda, the widow of Estanislao Flores, died in Zapata county in the year 1912. She left a will by which her interest in the community lands of herself and deceased husband was devised to Filemon Flores. Filemon died in the year 1923, and the plaintiffs in error are his children. Eulalia Dominguez still lives, but she has never had a child. In the year 1917, Eulalia recovered a judgment, in the district court, against Filemon. By that judgment all title to a specific tract of land, formerly belonging to the community estate of Estanislao Flores and wife, was divested out of Filemon and vested in Eulalia. By mesne conveyances, the defendants in error subsequently acquired Eulalia's title to said tract of land. The plaintiffs in error, the children of Filemon, brought this suit against the defendants in error, in which they seek judgment establishing in themselves the title to an undivided interest in said specific tract of land, under and by virtue of the will of Estanislao Flores, subject to the possessory right of the defendants in error, which possessory right, the plaintiffs in error claim, will terminate when Eulalia Dominguez dies.

The trial court gave judgment for the defendants in error, and that judgment has been affirmed by the Court of Civil Appeals. 27 S.W.(2d) 894.

Although it is not clear to us that the plaintiffs in error, during the lifetime of Eulalia Dominguez, could, in any event, be vested with such a title or right, under the will of Estanislao Flores, as will support an action of this sort, we pass the question by, and shall consider the case on the merits. This calls for a construction of said will. Whether, under the will, Eulalia Dominguez, at the death of the testator's wife, took an indefeasible fee-simple estate in one-half of the testator's half of said community lands, is a controlling question in the case. The plaintiffs in error contend that she did not. They insist that the provision contained in the fourth paragraph of the will has effect to convert the estate acquired by Eulalia under the will into a qualified fee, which is determinable upon the contingency of her dying without issue, regardless of when the latter event occurs. We do not think that the will should be so interpreted. By paragraph three, the wife of the testator was given a life estate in the testator's property, with remainder to Eulalia and Filemon. This disposition of the estate in remainder was qualified by the provision contained in paragraph four to the effect that, if either Eulalia or Filemon "should die without issue, the whole estate shall go to the survivor or his or her issue." The rule of construction is well established that a provision of a will which provides, with respect to an estate in remainder, for a devise over to another if the remainderman should die without issue, is to be taken as referring to the remainderman's death prior to the termination of the intervening estate, unless the language of the will show a different intent. Bradshaw v. Williams, 140 Ky. 160, 130 S. W. 985; McCormick v. McElligott, 127 Pa. 230, 17 A. 896, 14 Am. St. Rep. 837; Blum v. Evans, 10 S. C. 56; In re Farmers' Loan & Trust Co., 189 N. Y. 202, 82 N. E. 181; Mayer v. Walker, 214 Pa. 440, 63 A. 1011; Freund v. Freund, 91 N. J. Eq. 80, 110 A. 449; Booth v. Eberly, 124 Md. 22, 91 A. 767; Sullivan v. Garesche, 229 Mo. 496, 129 S. W. 949, 49 L. R.

A. (N. S.) 605; Presley v. Davis, 7 Rich. Eq. (S. C.) 105, 62 Am. Dec. 396; Sinton v. Boyd, 19 Ohio St. 30, 2 Am. Rep. 369; 40 Cyc. p. 1505; 28 R. C. L. 260; 2 Jarman on Wills (6th Ed.) star page 1569; Page on Wills (2d Ed.) § 1142.

Nothing is to be found in the will under consideration to show that the testator intended paragraph four of his will to refer to the death of either of his foster children after the termination of the life estate of his wife. The language of the will reasonably discloses a contrary intent. The term "the whole estate," as used in paragraph four, evidently has reference to all the "property, both real and personal, of whatsoever nature and description," which the testator, in the next preceding paragraph, had said was, at the death of his wife, "to be divided equally between" his two foster children. So then, it is reasonable to believe that the testator, in writing paragraph four into his will, had in contemplation the contingency of death of one of his foster children, without issue, before the appointed time for the said property to be "divided equally" arrived; and that said paragraph was intended to control the disposition of said "whole estate," in case that contingency happened. Since the contingency did not happen, the qualified fee estate in remainder, which vested in Eulalia and Filemon, respectively, at the death of the testator, became an estate in fee simple absolute when the testator's wife died.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.