**Hannah HARRISON et al., Petitioners,**

v.

**Gus E. BROWN, Jr., et al., Respondents.**

**No. B–395.**

Supreme Court of Texas.

Nov. 8, 1967.

Mills, Shirley, McMicken & Eckel, Galveston, Bell & Gwin, Bay City, for petitioners.

Fulbright, Crooker, Freeman, Bates & Jaworski, Chester M. Fulton and R. Mayo Davidson, Houston, Entzminger & Uher, Bay City, for respondents.

PER CURIAM.

This is a suit for declaratory judgment and the construction of the will of Hannah Thompson, petitioners' grandmother. The opinion of the court of civil appeals is reported in 416 S.W.2d 613. The testatrix by these words devised some land to her son, John E. Thompson, for his lifetime with the remainder to his five children:

" * * * unto my said son John E. Thompson during his life, and after his death in fee to his children, Marguerite Thompson, Pauline Britton, wife of Albert B. Britton, Audrey Thompson, Hannah. Thompson and Thelma Thompson, and to such other children of his body which may be born to him, share and share alike, but should any of said children die without issue, then the share of such child or children so dying without issue is hereby devised in fee to the survivor or survivors of such child or children of my said son, John E. Thompson. *Now, should all the children now born to my said son John E. Thompson, or which may hereafter be born to him, die without issue, then the fee herein devised to said children is hereby devised to my said son John E. Thompson. * * *"* (Emphasis added)

The life tenant died and all of his five children were living at that time. Pauline, one of the life tenant's children, thereafter died without issue. The court of civil appeals correctly construed the words of the will to mean that upon the death of the life tenant, the testatrix intended the fee to vest indefeasibly in the life tenant's living children. Flores v. De Garza, 44 S.W. 2d 909 (Tex.Com.App.1932, judg. adopted); 5 Bowe-Parker, Page on Wills, §§ 44:15, 44:16, 44:17 (1962); Restatement, Property, § 269 (1940). The other four remaindermen urge that Pauline received a determinable fee which reverted to them upon her death without issue even though she died after the life tenant's death. Testatrix' will, as evidenced by the portion underlined, shows an intent that the re-

mainderman's death without issue had to occur before the death of the life tenant for the gift over to operate. Petitioners rely upon two cases which hold that a direct devise without a preceding life estate was defeasible upon the death of the devisee without issue at any time. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374 (1937); St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425 (1909). Those cases are strictly analogous to the present case in which the gift to the remainderman was preceded by a life estate. However, testatrix' will in this case shows an intent contrary to that which petitioners urge; therefore it is unnecessary to examine the soundness of the rule of construction applied in the two cases relied upon by the petitioners. The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.