Bette BLOODWORTH, Appellant,

v.

Herman E. BLOODWORTH et al., Appellees.

No. 4456.

Court of Civil Appeals of Texas, Eastland.

May 14, 1971.

Rehearing Denied May 28, 1971.

Jennings, Montgomery & Dies, Elton Montgomery, Graham, for appellant.

Thornton & Thornton, E. G. Thornton, Olney, for appellees.

COLLINGS, Justice.

Bette Bloodworth brought this suit against Herman E. Bloodworth and the other brothers and sisters of plaintiff's deceased husband, J. C. Bloodworth, seeking a judicial determination that at the time of the death of J. C. Bloodworth, Jr. the real property devised to him by his father's will was held by him in fee simple, and that by reason of his intestate death without children, plaintiff would own one-half and defendants would own the remaining one-half of such real property. The defendants answered asserting that at the time of the death of J. C. Bloodworth, Jr. title to the real property held by him by reason of his father's will was "defeasible" so that plaintiff inherited no interest under the Texas laws of intestate succession. Both plaintiff and defendants filed motions for summary judgment. Plaintiff, Bette Bloodworth, sought and received a severance of the portion of her case dealing with partition from the issue of will construction. Plaintiff's motion for summary judgment was denied and summary judgment rendered in favor of the defendants on their motion. Bette Bloodworth has appealed.

The record shows that J. C. Bloodworth, Jr., plaintiff's deceased husband, died March 6, 1970 while a resident of Los Angeles, California, and at the time of his death he was fifty years of age having been born November 13, 1919. No child or children were ever born to or adopted by him. It is also undisputed that his death was intestate.

This suit involves the title to real property held and claimed by the said J. C. Bloodworth, Jr. during his lifetime and situated in Young County, Texas. J. C. Bloodworth, Sr., the father of J. C. Bloodworth, Jr. and the defendants herein, died testate on April 2, 1929. His will was duly offered and admitted to probate in Young County on December 17, 1929. By the terms of the will, J. C. Bloodworth, Sr. devised to his son, J. C. Bloodworth, Jr., certain real property, the title to which is here in question. The devise was subject to a twenty year trust created in the fifth paragraph of the will on such real estate. It is undisputed that the trust terminated on April 2, 1949, twenty years after the death of J. C. Bloodworth, Sr.

The disagreement over the present state of the title to the land in controversy is occasioned by the following language from

the fifth paragraph of the will which created the trust:

"At the end of twenty years after the date of my death my children, or their descendants, shall be entitled to such of my real property as is hereinafter devised to them.

If any of my children should die without issue then the survivors shall be entitled to my real estate, and to the rents, bonuses and royalties that may be derived therefrom. Should any of my children die with issue then the child or children of such deceased child or children shall be entitled to the portion or portions to which his or their respective parents would have been entitled under this will."

Appellant presents two points of error in which it is contended that the court erred in granting appellees' motion for summary judgment because: (1) the clear language of the will places a defeasance on the title of J. C. Bloodworth, Jr. only during the existence of the twenty year trust, and that (2) a provision for a devise over if the remainderman should die without issue is to be taken as referring to the remainderman's death prior to the termination of the intervening estate since the language of the will as a whole does not disclose a different intent.

Only one question is presented, and that is whether the defeasance clause in the will became inoperative at the end of the twenty year period. Appellant contends that the defeasance clause did become inoperative at the termination of the trust period. Appellees contend that the defeasance clause was not affected by the termination of the trust. We agree with appellant's contention.

A devise that is made to depend upon the occurrence of an uncertain event, by which it is either to take effect or to be defeated, is said to be a contingent gift. 61 Tex.Jur.2d 393. Where the devise vests the first taker with a fee coupled with a defeasance based on a contingency in favor of others, the gift over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words "upon the death" under the circumstances indicated at any time whether before of after the death of the testator. St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425 (1909); Pool v. Sneed, 173 S.W.2d 768 (Tex.Civ.App.1943, Error Ref. W.O.M.). Also the rule is that a provision for a devise over if the remainderman should die without issue, is to be taken as referring to the remainderman's death prior to the termination of the intervening estate, unless the language of the will discloses a different intent. Flores v. De Garza, 44 S.W.2d 909 (Tex.Com.App.1932, approved by Sup. Ct.); 61 Tex.Jur.2d, pages 396–397. It is also held, however, that the general rules for the construction of wills must yield to the intention and purpose of the testator as shown by his will, and that a court should not apply a rule of construction that in effect destroys the intention so expressed. 61 Tex.Jur.2d, pages 251–252.

As stated in 61 Tex.Jur.2d 259 (§§ 138 and 139):

"The court, in construing a will, must consider the instrument 'from its four corners.' Accordingly, all parts and provisions of the instrument and every word, clause, and sentence in it must be considered and construed together.

Unless it is not fairly susceptible of such a construction, a will should be so construed as to render the instrument and all of its provisions consistent and harmonious. In this way, effect may be given to an intention consistent throughout the instrument under a general scheme or plan, and all parts may be permitted to stand together to form one consistent whole. Thus, every clause and paragraph should be given a construction that makes it consistent with the will as a whole, and with all other terms of the instrument."

By the language of the will, the property here in question was devised to the trust estate for a term of twenty years after the testator's death. The trust estate was the first taker. Then by the terms of the will, in the fifth paragraph thereof, J. C. Bloodworth, Jr. was entitled to such property at the end of the twenty year trust period which was on April 2, 1949. J. C. Bloodworth, Jr. was a remainderman. The will further provided in effect in paragraph five that if J. C. Bloodworth should die without issue that the "real estate, bonuses and royalties that may be derived therefrom" would go to the testator's other lineal descendants.

The disposition of this case is in our opinion controlled by Flores v. De Garza, supra, which holds that a provision in a will devising a remainder over after the remainderman dies without issue means death before the termination of the intervening estate, and that the remainderman is vested with fee simple title at the termination of such prior intervening estate. J. C. Bloodworth, Jr. did not die prior to the termination of the trust estate on April 2, 1949. Therefore, the will construed in accordance with the Flores case vested in J. C. Bloodworth, Jr., at the end of the trust estate, title to the property devised to him. The language of the will as a whole is fairly susceptible of this construction and there is nothing in the will showing a different intent. The language in the fifth paragraph to the effect that if any of the testator's children should die without issue then the survivors would be entitled to the real estate "and to the rents, bonuses and royalties that might be derived therefrom" is not only consistent with but is indicative of the intention of the testator that the defeasance clause should become inoperative at the end of the twenty year trust period. The trust estate was given the property for a period of twenty years to be held for the benefit of testator's children with power to lease and rent the surface, to make oil and gas leases on the land and to collect "rents, bonuses and royalties" therefrom. It was obviously the intent of testator that if any of his children should die without issue during the existence of the trust estate that the survivors would be entitled to his real estate and to the "rents, bonuses and royalties" so collected by the trustee. No such "rents, bonuses and royalties" would be collected by the trustee after the end of the trust estate.

To construe the will to mean that the defeasance clause was not affected by the termination of the trust would present either a conflict with or a limitation of the provision that the testators's children or their descendants would at the end of the trust period be entitled to the property devised to them. Such a construction would also be inconsistent with the provision concerning "rents, bonuses and royalties" collected by the trustee.

Considered in connection with the will as a whole, the more consistent and harmonious construction of the defeasance clause of the will is that it became inoperative at the end of the trust period. If there should be any doubts concerning the intention of the testator concerning this matter then that doubt should be resolved against a contingent interest and in favor of a vested title in the testator's devisees at the end of the trust. Crowley v. Vaughan, 347 S.E.2d 12 (Tex.Civ.App. 1961, Error Ref'd.). In compliance with appellant's contention we hold that on April 2, 1949, and at all times thereafter, J. C. Bloodworth, Jr. was the holder of the fee simple title of the lands devised to him in his father's will.

For the reasons stated the judgment is reversed and judgment is rendered in favor of the appellant.