Lillian STANLEY, Appellant,

v.

Cora Nell BRIETZ, Appellee.

No. 6250.

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1981.

Rehearing Denied March 19, 1981.

Julius C. Jacobs, Corsicana, Dean Jorgenson, Wilson, Berry, Jorgenson & Fuqua, Dallas, for appellant.

Jack K. Smith, Joe Michael Russell, Smith, Ralston & Russell, Johnny M. Chirafis, Corsicana, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a suit brought by Plaintiff-Appellant Lillian Stanley regarding the construction of the Will of George A. Stanley as to a 250 acre tract of land in Navarro County. Plaintiff-Appellant Lillian Stanley is the widow of Lucian Stanley, one of the sons of George A. Stanley, deceased. Defendant-Appellee Cora Nell Brietz is the daughter of another one of the sons of George A. Stanley, deceased, namely, Frank P. Stanley. After a trial held before the court without a jury upon facts stipulated by the parties, the court held that Defendant-Appellee Cora Nell Brietz was the sole fee simple owner of all of the property in question, and that Plaintiff-Appellant should take nothing by the suit.

George A. Stanley, deceased, acquired title to the 250 acres involved in this litigation by Deed dated January 28, 1878. George A. Stanley died June 26, 1921, leaving a will which was duly probated. The following provisions of such will are important to the determination of this suit.

In paragraph "Fourth", George A. Stanley gave to his wife, Fannie Stanley, the 250 acre tract "for and during her natural life".

The "Fifth" paragraph contained the following language:

"I give, devise, and bequeath to my three children, who are the children of my said wife, Mrs. Fannie Stanley, Frank P. Stanley, Theo Stanley and Lucian Stanley one-third (⅓) each, the said 250 acres of land out of the J. C. Neil Survey in fee simple, subject to the life estate bequeathed to my said wife, Mrs. Fannie Stanley. It is my will and I so direct that the 250 acres of land shall be kept and owned together by my said last named three children, and shall not be divided or sold during their natural lives or the life of any of them, but shall be kept together by said three children, Frank P. Stanley, Theo Stanley, and Lucian Stanley, sharing the rents and revenues between them equally."

The "Sixth" paragraph provided as follows:

"I give, devise and bequeath unto my said wife, Mrs. Fannie Stanley, all the rest and residue of my estate (other than that which is bequeathed to my said children,

Frank P. Stanley, Theo Stanley and Lucian Stanley) of every kind and character . . ."

In the "Seventh" paragraph, George A. Stanley provided that:

"In the event that either Frank P. Stanley, Theo Stanley or Lucian Stanley, or any of them, should die without issue, then I give, devise and bequeath the part of my estate so bequeathed to such one dying without issue to the survivors and to their children."

Fannie Stanley, the wife of George A. Stanley, died December 5, 1942. All three sons were living at that time.

Theo Stanley, one of the sons died intestate May 25, 1949, without ever having married, leaving no widow or child surviving him, but leaving his two brothers as his sole heirs.

Frank P. Stanley died May 28, 1965, leaving one child, a daughter, Cora Nell Brietz, Defendant-Appellee, as his sole lineal descendant.

Lucian Stanley died childless June 16, 1979, leaving a will in which he gave his entire estate to his widow, Lillian Stanley, Plaintiff-Appellant.

Lillian Stanley brought this suit for the partition of the 250 acre tract of land in question and for the construction of the Will of George A. Stanley. She asserted that she owned an undivided one-half interest in said land. The facts were stipulated, and the only issue presented to the trial court was one for the construction of the Will. The trial court held that Defendant-Appellee Cora Nell Brietz was the sole fee simple owner of the property in question, and that Plaintiff-Appellant Lillian Stanley should take nothing by the suit, from which the said Lillian Stanley appeals. We reverse and render.

Appellant Lillian Stanley asserted four points of error in support of her position. By the first three points, she contends basically that the trial court erred in finding as a matter of law that the Will of George A. Stanley gave only a conditional fee to the three sons and that in doing so the trial court disregarded the words "in fee simple" contained in the "Fifth" paragraph of the Will and also refused to hold that upon the death of the life tenant, the Will vested an indefeasible fee simple title in the sons. We sustain these contentions.

The parties' main dispute is as to the interpretation and effect of the "Seventh" paragraph of the Will wherein it was provided that "In the event that either Frank P. Stanley, Theo Stanley or Lucian Stanley, or any of them, should die without issue, then I give, devise and bequeath the part of my estate so bequeathed to such one dying without issue to the survivors and to their children."

■ The law is well settled that a cardinal rule to be followed by the court in construing a will is to determine the intention of the testator. *Haile v. Holtzclaw* (Tex.1967) 414 S.W.2d 916, 922. In so doing, all parts of the testamentary writing are to be harmonized and given force to effectuate the testator's intent. *Welch v. Straach* (Tex.1975) 531 S.W.2d 319, 322.

■ Where a will contains a provision for devise over if the remainderman should die without issue, such provision is to be taken as referring to the remainderman's death prior to the termination of the intervening estate, unless the language of the will discloses a different intent. *Flores v. De Garza* (Tex.Com.App.1932) 44 S.W.2d 909, opinion approved. See also *Bloodworth v. Bloodworth* (Eastland Tex.Civ.App.1971) 467 S.W.2d 218, NRE.

■ These basic rules of construction have been applied in cases similar to the one at bar. In *Flores v. De Garza*, supra, the will provided that the testator's wife should have his whole estate for life, and at her death it was to be equally divided between the two foster children. The next paragraph provided that if either of the beneficiaries should die without issue, then the whole estate should go to the survivor or his or her issue. The wife survived the testator, and was survived by both of the foster children. One of them, however, did not have any children. The court held

there that "nothing is to be found in the will ... to show that the testator intended paragraph four ... to refer to the death of either of his foster children after the termination of the life estate of his wife ... It is reasonable to believe that the testator ... had in contemplation the contingency of death of one of his foster children, without issue, before the appointed time for said property to be 'divided equally' arrived; and that said paragraph was intended to control the disposition of said 'whole estate', in case that contingency happened. Since the contingency did not happen, the qualified fee estate in remainder, which vested in Eulalia and Filemon, respectively, at the death of the testator, became an estate in fee simple absolute when the testator's wife died." Also see *Harrison v. Brown* (Tex. 1967) 422 S.W.2d 718.

We are of the opinion that construction of the will in the case before us is governed by *Flores v. De Garza* (Tex.Com.App.1932) 44 S.W.2d 909, opinion approved by the Supreme Court, which holds that a provision in a will devising a remainder over after the remainderman dies without issue means death *before* the termination of the intervening estate, and that the remainderman is vested with fee simple title at the termination of such prior intervening estate, unless the language of the will discloses a different intent.

In the case at bar, the testator's wife, Fannie Stanley, was the life tenant. When she died in 1942, she left surviving her the three sons as remaindermen, to wit, Theo, Frank (the father of Defendant-Appellee Cora Nell Brietz), and Lucian (the husband of Plaintiff-Appellant Lillian Stanley).

Applying the *Flores v. De Garza* rule, Theo, Frank, and Lucian, having all survived their mother as life tenant, were all vested with indefeasible fee simple title at the time of their mother's death. There is nothing in the testator's will which would indicate a different or contrary intent. Indeed, the testator's will expressly provides that the three sons are devised the property "in fee simple," subject to their mother's life estate. This being so, each son owned an undivided one-third interest in the land in fee simple when their mother died. Then when Theo died intestate without issue and without ever having been married in 1949, he left as his sole heirs at law his two brothers, to wit, Frank and Lucian. This means that when Theo died, Frank and Lucian each owned an undivided one-half interest in the 250 acre tract in question.

Under our view of the case, since Lucian owned a vested indefeasible undivided fee simple one-half interest in the land at the time of his death in 1979, his widow, Plaintiff-Appellant Lillian Stanley, took said one-half interest under Lucian's will and thereby became the owner thereof.

■ Appellee contends that the testator evidenced an intent contrary to that hereinabove expressed by the language used in the will providing that the 250 acres would all be owned and kept together as long as any of the three sons should live, and not divided or sold during the lives of any of said three sons. As we understand it, Appellee says this language evidenced an intent on the part of the testator that if any son died without issue *at any time*, either *before* or *after* the termination of the life estate, that such son's interest would revert to the other son or sons and/or their lineal descendants, as the case may be. We are unable to see how this language points to such an intention. By this language the testator merely expressed a desire that the property not be sold or partitioned during the lifetimes of the sons or any of them.

Moreover, Appellee cites in support of her position *Lockett v. Wood* (Galveston Tex. Civ.App.1935) 84 S.W.2d 798, affirmed by the Commission of Appeals in *Peden Iron and Steel Co. v. Lockett*, 131 Tex. 287, 115 S.W.2d 405, opinion adopted. We do not agree, because we believe *Lockett v. Wood* is distinguishable from the case at bar upon its facts. In *Lockett*, the testator Frank W. Wood left a life estate to his widow Alma Wood, with remainder at her death over to his four children, to wit, Howard, Frank, Henry, and Mattie. The will further provided:

"If any of my children shall die without issue, the interest of such devisees so dying shall revert to and become a part of the corpus of my estate, and be divided equally among my surviving child or children, and in the proportion and manner as herein stated."

After the testator died, and while the life tenant was still living, Howard died without issue. The Court of Civil Appeals held, and the Commission of Appeals agreed, that Howard received at the testator's death a remainder in fee simple, determinable upon condition subsequent, to wit, upon Howard's death without issue. Since Howard died without issue, the fee devised to him determined, and same reverted to the testator's estate to be divided among the other remaindermen. In this connection the Commission of Appeals said:

"The provision of the fourth item with reference to the interest of a child dying without issue and the reverting of the interest of such child to the testator's estate, could not, consistent with the other provisions of the will, have reference to the child's death prior to that of the testator. The child without issue predeceasing the testator could not in such event and at such time, have an interest to revert."

In the case at bar, by way of summary, by application of the *Flores v. De Garza* rule to testator's will, we are of the opinion and hold that when the life tenant died, the three sons as remaindermen, all of whom survived the life tenant, became vested with indefeasible fee simple title to the 250 acre tract in question. We believe this construction of the will comports with the true intention of the testator, and causes all parts of the will to be in harmony.

We accordingly reverse the trial court's judgment and render judgment that Plaintiff-Appellant Lillian Stanley be adjudged to own an undivided one-half interest in and to the land in controversy.

REVERSED AND RENDERED.