**Rosemary Dean HILL, Appellant,**

v.

**David G. HILL and Patricia Lois Cathcart, Independent Executors of the Estate of Carl Hill, Jr., Deceased, Appellees.**

No. 9313.

Court of Appeals of Texas, Amarillo.

Oct. 21, 1981.

Rehearing Denied Nov. 25, 1981.

Templeton & Garner, Robert E. Garner, Amarillo, for appellant.

Robert R. Sanders & Associates, Samuel C. Kiser, Amarillo, for appellees.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

BOYD, Justice.

This appeal involves questions as to whether a surviving widow who has exercised her homestead right to continue occupying a residence, the separate property of her deceased husband, is liable during her occupancy for payment of insurance premiums on the residence and the interest on an indebtedness existing on the premises.

The suit was filed by appellant, Rosemary Hill, the surviving widow of Carl Hill, Jr., against appellees, David G. Hill and Patricia Lois Cathcart, as Independent Executors of the estate of her deceased husband. She sought, among other things, that a homestead be set aside to her. Appellees asserted that appellant should be ordered to make all mortgage payments due subsequent to the date of death, maintain insurance on the improvements and pay taxes on the homestead. At the date of death there was a loan outstanding on the homestead property in favor of Gibralter Savings & Loan Association. The unpaid balance was $17,797.53. From the date of death of decedent to the entry of judgment the executors paid insurance costs of $1,592.50 and interest on the "first lien indebtedness" of $1,827.80.

Judgment was entered requiring appellant to reimburse the estate of her deceased husband for payments made on taxes, insurance, and interest from date of death to the date of judgment. The judgment further ordered appellant to pay taxes in the future, to maintain insurance, and to pay interest on the first lien indebtedness.

Appellant admits her liability to pay taxes and has tendered payment but disagrees as to her liability to pay interest and insurance. Hence, this appeal.

By her first and third points, appellant asserts error on the part of the trial court in ordering her to pay present and future interest on the indebtedness existing on the date of death of her deceased spouse. We disagree.

■ The right of appellant in the homestead, in the words of the Commission of Appeals, "contains every element of a life estate, and is therefore at least in the nature of a legal life estate, or, in other words, a life estate created by operation of law." *Sargeant v. Sargeant*, 118 Tex. 343, 15 S.W.2d 589, 593 (1929); *Thompson v. Thompson*, 149 Tex. 632, 236 S.W.2d 779, 787 (1951). Appellant's duties and liabilities are thus analogous to those of a life tenant.

■ A life tenant is charged with the duty of protecting the interest of remaindermen from forfeiture by reason of any act or omission on his part and to preserve the estate in which he holds a life tenancy. In *Brokaw v. Richardson*, 255 S.W. 685, 688 (Tex.Civ.App.—Ft. Worth 1923, no writ history), the court stated that in pursuance of this obligation a life tenant is required to pay the interest on existing encumbrances. We think this is correct. Therefore, we hold that appellant is liable for payment of the interest on the indebtedness. The payments made toward the retirement of any principal would, of course, inure to the benefit of the remaindermen and would not be the obligation of the life tenant.

Appellant's first and third points of error are overruled.

■ With her second and fourth points of error, appellant asserts the trial court erred

in requiring the life tenant to maintain insurance on the property for the benefit of the remaindermen and in requiring the repayment of $1,592.50 expended by the estate in insurance premiums on such insurance prior to the date of judgment. In this we agree.

We note the judgment requires a "loss payable" clause in the insurance policy designating the Estate of Carl Hill, Jr., as beneficiary.

The Commission of Appeals in the case of *Richardson v. McCloskey*, 276 S.W. 680, 684 (Tex. Comm'n App. 1925, opinion adopted), held:

> It is doubtless true that in the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on his part, *the life tenant is not bound to keep the premises insured for the benefit of the remainderman.*

(Emphasis added).

It is true that in the case of *Coleman v. Banks*, 349 S.W.2d 737 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.), cited by appellee, the court quotes with approval a statement from 28 Tex.Jur., Life Estates, Sec. 9, p. 61, as follows:

> Moreover, the life tenant, and not the remainderman, must bear the expenses of the care and preservation of the property, including insurance premiums, taxes, etc.

However, not only does this differ with a prior, explicit holding to the contrary by a court of superior jurisdiction, but *Texas Jurisprudence* has changed its statement on this identical question. The equivalent section now reads:

> In the absence of anything in the instrument creating the life estate that so requires, or of any agreement to that effect on his part, a life tenant is not bound to keep the property insured for the benefit of the remainderman. 37 Tex.Jr.2d, Life Estates, Remainders, etc., Sec. 48, p. 69.

We, therefore, decline to follow *Coleman* on the question of liability for insurance coverage. We hold that appellant is not liable for payment of the insurance premiums in question.

Appellant's second and fourth points of error are sustained.

The trial court's judgment is reformed to deny any recovery from appellant for insurance costs paid, and to decree that she has no liability to maintain insurance on her homestead. As reformed, the judgment is affirmed. Sixty-five (65%) percent of the costs of appeal are taxed against appellant, and thirty-five (35%) percent of such costs are taxed against appellees. Tex.R.Civ.P. 448.