COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL ROBERTS AND JUDITH LEE BERRY, | § | No. 08-11-00153-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | 355th District Court |
| v. | § | of Hood County, Texas |
| EVA WILSON, | § | (TC# C2010366) |
| Appellee. | § | |

## **O P I N I O N**

Appellants appeal a partial summary judgment in favor of Appellee and the judgment of the trial court in granting Appellee's petition for partition.[1] Appellants bring six issues: (1) error in the trial court's granting of partial summary judgment; (2) error in the trial court's ruling on the effects of a partition deed on a determinable fee or other special conditions and the warranty elements of a partition deed; (3) error by the trial court in construing the wills of Loyd E. Wilson and Verna Mae Wilson; (4) error in ordering the remaindermen to reimburse a part of the real property *ad valorem* taxes to the possessory life tenant; (5) error in an award of attorney's fees; and (6) "miscellaneous" errors on nine collateral issues. For the reasons that follow, we affirm.

## **PROCEDURAL BACKGROUND**

Appellee Eva Wilson filed an original petition seeking partition of real and personal property and a declaratory judgment relating to property inherited by Appellee's spouse, Gerald

---

[1] This case was transferred from the Second Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2005). We have applied precedent of the Fort Worth Court of Appeals. *See* TEX.R.APP.P. 41.3.

Wade Wilson ("Gerald")[2], by operation of the Wills of Loyd E. Wilson ("Loyd") and Verna Mae Wilson ("Verna") on August 3, 2010 ("Will" or "Wills"). Appellee named Michael Roberts, Judith Lee Berry (collectively, "Appellants"), and Angela Jan Roberts as defendants in the action, and Appellants answered and filed a counterclaim for a declaratory judgment.[3] Appellee later amended her petition, seeking to quiet title, partition personal property, and declare judgment relating to mineral interests of property inherited by Gerald. Appellee filed a Motion for Partial Summary Judgment ("PSJ") asking the court to determine as a matter of law that the Wills did not create a possibility of reverter; that by conveying the property to Gerald as a fee simple without reservation that Appellants were estopped from asserting any inconsistent interest; and that Appellee was entitled to recover attorney's fees. Appellants opposed, requesting that the trial court deny Appellee's PSJ, enter a declaratory judgment "properly setting forth the intent and proper interpretation" of the Wills, and to grant Appellants' motion for reasonable attorney's fees. However, other than attaching responsive evidence relating to Appellants' attorney fee argument, Appellants simply reattached the evidence offered by Appellee in her PSJ. Appellants presented no new evidence. Following a hearing on December 10, 2010, the trial court granted the PSJ in favor of Appellee.

A bench trial was held on January 20, 2011. Following that, the trial court ruled in favor of Appellee and ordered a partition and appointed commissioners. Appellee filed proposed findings of fact and conclusions of law (after these were requested by Appellants) which were accepted by the trial court. Appellants did not file their own proposed findings and the record

---

[2] The relevant parties will be referred to herein by their first names. This is done to maintain clarity among several persons with common surnames.

[3] Defendant Angela Roberts, sister of Michael Roberts, did not respond to service of the summons.

does not reflect any objection(s) to Appellee's proposed findings and conclusions. Appellants filed a motion for new trial, which was overruled by operation of law. Appellants timely appealed.

## FACTUAL BACKGROUND

Loyd and Verna Wilson owned, among other property, approximately 230 acres in Hood County, which is the source of the real property at issue in this appeal. Loyd and Verna had three children: Gerald, Judith Lee Berry, and Janice Roberts. Janice Roberts had two children: Michael Roberts and Angela Jan Roberts. Loyd died in 1996 and his Will was admitted to probate the next month. At the time of his death, Loyd and Verna owned a community estate consisting of the 230 acres, assorted personal property, and other real property and mineral interests which are not at issue. On Loyd's death, Verna inherited Loyd's half of the community estate (as an income beneficiary and as Trustee for their children) and all of Loyd's separate real property, while continuing to own an undivided one-half interest in the community estate. The remainder of the property went into the Loyd Wilson Trust. In 2001, Loyd and Verna's daughter Janice died.

Verna died in 2007 and her Will was admitted to probate in 2007. Verna's Will, Paragraph 5.01, provided that because Loyd predeceased her, all of her property, both real and personal, was left to her three children, Judith, Gerald, and Janice, in equal shares. Because Janice predeceased Verna, her one-third interest in the estate was left to Michael and his sister Angela, pursuant to Paragraph 5.02 of Verna's Will. On Verna's death, the Loyd Wilson Trust terminated and the property interests in the trust were distributed pursuant to the terms of the wills. Paragraph 5.03 of Verna's Will (which is a prime subject of the litigation) provides:

3

On the date of the execution of my Will, my son, Gerald Wade Wilson, has no child or children or their descendants, and in the event he dies without child or children or their descendants, all property herein devised and bequeathed to him shall pass to and vest in the other two (2) devisees and legatees, in equal shares.

The distribution of Verna's estate is disputed by Appellants and Appellee.

In 2008, Angela transferred the entirety of her interest in the estate to Michael. To effectuate this transaction the executors of Verna's estate and the Trustees of the Loyd Wilson Trust executed deeds which conveyed an undivided one-third interest in the 230 acres of real property to Gerald, Judith, and Michael. On September 29, 2008, Judith and Michael executed a general warranty deed, captioned "Partition Deed," transferring a surface estate in three tracts totaling about 104 acres[4] of the 230 acres to Gerald as grantee. The deed was made without reservations.

Gerald died intestate in January of 2010 without leaving any children. At the time of his death, Gerald and Appellee resided on the 104 acres, and Appellee continues to occupy and claim 100 acres as homestead property.

Michael filed an "Affidavit of Fact and Notice of Claim of Reverter" in the Real Property Records of Hood County on March 8, 2010, in which he claimed that property inherited by Gerald from Loyd and Verna was subject to a reverter clause contained in Paragraph 5.03 of the Wills. Appellee filed the instant case on August 3, 2010, seeking to (a) establish Appellee's ownership of the interests for the purposes of partition, and (b) to obtain a declaratory judgment construing the Wills and the Partition Deed to resolve the dispute about Appellee's ownership of these interests, subject to her homestead life estate in 100 of the 104 disputed acres.

## DISCUSSION

---

[4] While the reporter's record indicates that this tract could be either 103.8 or 104 acres, the parties generally define this as 104 acres and we will do so as well.

4

Appellants bring six issues, requesting that this Court:   (1) reverse and overrule the judgments of the trial court in all things; (2) construe the Wills and particularly Paragraph 5.03 and recognize the determinable fee condition; (3) apply the Wills to the facts of the case and order that an interest in estate assets possessed and held by Gerald at the time of his death reverts to the estates of Loyd and Verna for distribution to Appellants; (4) find that the voluntary Partition Deed had no adverse effect on title to the real property or the determinable fee and does not constitute estoppel of Appellant's rights to rely on the determinable fee; (5) overrule all awards of attorney's fees to Appellee's counsel and order all costs be paid by Appellee; and (6) find that Appellee is responsible for payment of *ad valorem* taxes on the real property claimed as her life estate as the surviving widow and that the partition award of real property to compensate for taxes be set aside.

### Errors relating to Partial Summary Judgment

In their first issue, Appellants argue that the trial court erred in granting partial summary judgment to Appellee.   Appellants assert that by granting the PSJ, the trial court "cut off a fair hearing on the merits of the Will contest issues . . ." and that there were contested issues of fact which were foreclosed by the granting of the PSJ.   Appellants argue that there is insufficient legal evidence that warranted a title to Gerald, and that his source of title was from Loyd's and Verna's estates.   Appellants argue that the interpretation, construction, and application of both Wills were fact issues foreclosed by the grant of summary judgment.

Appellate courts review declaratory judgments under the same standards as other judgments and decrees.   *In re Estate of Tyner*, 292 S.W.3d 179, 182 (Tex.App--Tyler 2009, no pet.).   We review summary judgments *de novo*.   *Blanchard v. Brazos Forest Products, L.P.*, 353 S.W.3d 569, 571 (Tex.App.--Fort Worth 2011, pet. denied); TEX.R.CIV.P. 166a(c).   We

5

consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Cunningham v. Zurich American Ins. Co.*, 352 S.W.3d 519, 524 (Tex.App.--Fort Worth 2011, pet. filed). When a trial court does not specify the grounds on which the judgment is based, we will affirm the judgment if it is correct on any legal theory expressly placed at issue and supported by the evidence. TEX.R.CIV.P. 166a(c); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)(per curiam)(holding that when the grounds for the ruling are not specified, we affirm "if any of the theories advanced are meritorious"). As Appellee asserted alternative grounds for the relief requested, specifically that Appellee either has an interest in the estate property rendered by construction of the Wills or by the Partition Deed, and the trial court did not specify the reason for granting the PSJ, then the summary judgment will be affirmed if either of her grounds has merit.

Appellants first argue that there was no evidence or insufficient evidence to grant Appellee's motion. Appellants then assert that there were disputed issues of fact which were cut off by the trial court's grant of summary judgment. Appellants later argue that the possibility of more than one reasonable construction of the Wills is an issue of fact which would preclude summary judgment. We disagree.

To begin, we note that the Uniform Declaratory Judgments Act ("UDJA") is intended "to settle and to afford relief from uncertainty and insecurity with respect to rights . . . and it is to be liberally construed and administered." TEX.CIV.PRAC.&REM.CODE ANN. § 37.002 (West 2008). The UDJA provides that "[a] person interested under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of

6

rights, status, or other legal relations thereunder." TEX.CIV.PRAC.&REM.CODE ANN. § 37.004(a). Spouses, creditors, or "any others having a property right in, or claim against" an estate being administered are "interested persons" with standing to contest a will or construe its provisions and they may do so in a declaratory judgment action. *See* TEX.PROB.CODE ANN. § 3(r)(West Supp. 2011); *In re Estate of Florence*, 307 S.W.3d 887, 891-92 (Tex.App.--Fort Worth 2010, no pet.). Based on the UDJA and the cases noted above, Appellee is an "interested person" with standing to contest a will and the UDJA is an appropriate vehicle for her to do so. Furthermore, her First Amended Petition sets forth underlying facts regarding the property at issue and sought a judicial declaration that Appellee owns a one-half interest in such property based on the construction of the Wills and Partition Deed. Summary judgment was a procedurally appropriate method to dispose of the issues presented.

### Construction of the Wills

The proper standard for reviewing a will is to examine the testator's intent, which is ascertained by looking at the language contained within the four corners of the will. *Estate of Florence*, 307 S.W.3d at 893. "If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent." *Id.*, *citing Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 372 (Tex.App.--Fort Worth 2003, pet. denied). The question is not what the testator intended to write, but the meaning of the words actually used. *In re Estate of Peyrot*, 2006 WL 1919130, *3 (Tex.App.--Fort Worth 2006, no pet.). Whether a will is ambiguous is a question of law for the court. *Id.*, *citing Steger*, 134 S.W.3d at 373. "If the court can give a certain or definite legal meaning or interpretation to the words used, the will is unambiguous, and the court should construe it as a matter of law." *In re*

7

*Estate of Peyrot*, 2006 WL 1919130, at *3.   A term is not made ambiguous because parties offer differing interpretations of a term.   *Id.*

The record shows that Appellee provided both Loyd's and Verna's Wills to the trial court in her motion.   The Wills are "mirror-image" wills, with each spouse devising their estate to the other and, in the event one spouse predeceased the other, to their children in equal shares.   On Loyd's death, his Will bequeathed his community and personal property to Verna, with the remainder of his property passing into the Loyd Wilson Trust.   Verna is the income beneficiary of the trust during her life.   The specific terms of the Loyd Wilson Trust provide that it terminates on the death of Verna and that the executor of Verna's will shall distribute the balance and remainder of the Trust corpus to their children, in equal shares.   Article 4 of the Will provides that if Verna remarried, the trust terminates and passes to the children in equal shares, and that if she does not remarry, the trust terminates on her death and the trust property passes to "the above named three children in equal shares."

The entirety of Article V of Verna's Will reads as follows[5]:

> 5.01 In the event my husband, Loyd E. Wilson, should predecease me, after payment of all of my just debts including funeral expenses, expenses of last illness and expenses incident to the probating of this Will, any inheritance and/or estate taxes, I will, devise and bequeath all of my property, both real and personal, to my children, namely: JUDITH LEE BERRY, GERALD WADE WILSON, and JANICE RUTH ROBERTS, in equal shares.

> 5.02 In the event either of my three children should predecease me, all property herein devised and bequeathed to him or her shall be and become property of his or her children or descendants living at the time of my death, such children to take in equal shares, and any such descendants to take per stirpes.

> 5.03 On the date of the execution of this Will, my son, Gerald Wade Wilson, has no child or children or their descendants, and in the event he dies without child or children or their descendants, all property herein devised and

---

[5] The provisions are a mirror-image in Loyd's Will, with Loyd leaving his property to Verna in 5.01.

bequeathed to him shall pass to and vest in the other two (2) devisees and legatees, in equal shares.

Appellants argue that 5.03 creates a "reverter" or defeasible or determinable fee interest, asserting that the interpretation of such reverter is that if Gerald dies without a child, at any point in time, his share in the estate passes to Appellants. Appellants refer to *Lockett v. Wood*, 84 S.W.2d 798, 802-3 (Tex.Civ.App.--Galveston 1935, no writ) to support their argument that the clear intent of Paragraph 5.03 "is to cause a reversion of the Wilson Estate assets in Gerald's hands at his death, if he be then without child or issue of child." We find that the language of the will at issue in *Lockett* is distinct from the Wills here. The *Lockett* will provision specifically provided:

> If any of my children shall die without issue, then the interest of such devises (devisees) so dieying (dying) shall revert to and become a part of the corpus of my estate and be divided equally among my surviving child or children and in the proportion and manner as herein stated.

*Lockett*, 84 S.W.2d at 802 (error in original as reported by court).

The plain language of the *Lockett* will provides that the estate property shall "revert." The term "revert" does not appear in either Will at issue here. As noted in *Estate of Florence* and *Lockett*, we construe the instrument from its four corners, and nowhere in either Will does the word "revert" appear.

We note that *Lockett* is from a line of cases which authorize the possibility of estate property reverting, or acting as a determinable fee. *See St. Paul's Sanitarium v.* Freeman, 102 Tex. 376, 378, 117 S.W. 425, 426 (Tex. 1909)(holding that death without lawful issue means death "at any time" while relying on case where the bequest provided the defeasible gift through the occurrence of "the event of A. dying at any time"); *Federal Land Bank of Houston v. Little*, 130 Tex. 173, 180, 107 S.W.2d 374, 378 (Tex.Com.App. 1937)(affirming *St. Paul* holding). We find

9

that the *St. Paul* reasoning does not apply to the instant case.   As noted in *Hart v. Rogers*, 527 S.W.2d 230 (Tex.Civ.App.--Eastland 1975, writ ref'd n.r.e.)(affirming *St. Paul* rationale), the rule which the *St. Paul* court construed was as follows:

> Where the testator vests the first taker with the fee, as opposed to a life estate or term for years, but further provides for a gift over in the event of the first taker's death, and such death is coupled with a contingency which may or may not take place, the gift over, unless controlled by other provisions of the will, takes effect upon the first taker's death at any time, whether before or after that of the testator.

*Id.* at 232.

This rule distinguishes the *St. Paul* line of cases from the instant case.   Here, in Loyd's Will the "first taker" would be Verna as a fee simple for the community property and the Loyd Wilson Trust for the remaining property.   Once Verna died, the Trust terminated and that property passed under the terms of Loyd's Will to their children.   In Verna's Will, Loyd was the first taker for the fee simple, and her Will provided a gift over to the children in the event he predeceased her. Comparing the terms of the Wills here to the wills at issue in *Hart v. Rogers* and *St. Paul*, Gerald would not be in the position of a "first taker" and the *St. Paul* rationale would not apply.

A more appropriate interpretation of the facts of this case comes from the line of cases stemming from the decision in *Flores v. De Garza*, 44 S.W.2d 909 (Tex.Com.App. 1932), an opinion approved by Supreme Court, which held that a provision in a will providing for a devise over to another after the remainderman dies without issue means death prior to the termination of the intervening estate, and that the remainderman is vested with fee simple title at the termination of such prior intervening estate, unless the language of the will discloses a different intent. *Flores*, 44 S.W.2d at 910-11.   *See also Harrison v. Brown*, 422 S.W.2d 718 (Tex. 1967)(affirming holding that will terms meant that on the death of the life tenant the fee would vest indefeasibly in

10

the life tenant's living children); *Harrison v. Brown*, 416 S.W.2d 613, 618-19 (Tex.Civ.App.--Corpus Christi 1967), *writ ref'd n.r.e.*, 422 S.W.2d 718 (Tex. 1967)(disagreeing with appellant's argument that the term "die without issue" should be construed to mean "at any time" and positively citing *Flores* in support). The instant case is very similar to *Bloodworth v. Bloodworth*, 467 S.W.2d 218 (Tex.Civ.App.--Eastland 1971, writ ref'd n.r.e.). In *Bloodworth*, the terms of the will provided that real property was devised to the testator's son, subject to a twenty-year trust on such real estate. In creating the trust the will contained a paragraph providing:

> If any of my children should die without issue then the survivors shall be entitled to my real estate, and to the rents, bonuses and royalties that may be derived therefrom. Should any of my children die with issue then the child or children of such deceased child or children shall be entitled to the portion or portions to which his or their respective parents would have been entitled under this will.

*Bloodworth*, 467 S.W.2d at 220.

The appellant in *Bloodworth* was the spouse of one of the testator's children, who died intestate and without issue, and died 21 years after the trust terminated. The trial court granted summary judgment in favor of the other siblings and the Court of Civil Appeals reversed in favor of the appellant. The court noted both the *St. Paul* rule and the *Flores* rule held that the disposition was governed by *Flores*. *Bloodworth*, 467 S.W.2d at 220-21. The court noted that appellant's husband did not die while the trust was in existence and therefore, construing the will in accordance with *Flores,* an interest in the trust vested in him at the end of the trust estate and title to the real property devised to him. As the court noted, "[t]he language of the will as a whole is fairly susceptible of this construction and there is nothing in the will showing a different intent." *Id.* at 221. *See also Stanley v. Brietz*, 612 S.W.2d 699, 702-03 (Tex.Civ.App.--Waco 1981, writ

11

ref'd n.r.e.)(affirming construction of will in applying *Flores* and *Bloodworth* and holding that will of testatrix who passed life estate with similar restriction to three sons vested sons with indefeasible fee simple title at the time of the testatrix's death and widow of one son was entitled to intestate share of her husband's interest).

All parties agree that the Wills and Partition Deed are unambiguous. Appellants assert that there is no dispute regarding Articles I through IV of the Wills. It is undisputed that Loyd died first and his Will was probated. This meant that at the time of his death, his community and certain personal property passed to Verna in fee simple by operation of Article 3.01 of the Will, with the remainder of his property passing into the Loyd Wilson Trust, and that Verna would be the income beneficiary of the trust during her life. On Verna's death, the Loyd Wilson Trust terminated and the interests in the trust property passed to the children in equal shares, pursuant to Article 3.07 of the Will. The children included Gerald Wilson, listed as a child in Article 3.01, who was alive at the time that both Loyd and Verna died. There is no defeasible fee which operated on Gerald, who was not the first taker. Therefore, Gerald inherited (as his separate real property) a fee-simple, undivided one-third interest in the entire 230 acres from the community estate of Loyd and Verna (half of which passed to him from Loyd's trust, and half from Verna's estate). When Gerald died intestate and without issue, the Texas Probate Code §§ 38(b)(2) and 45 provided that his property would be distributed as follows: 50 percent of his separate real property to his surviving spouse (Appellee), and 50 percent to his surviving collateral relatives (25 percent to Judith, and 25 percent split evenly between Michael and Angela).

The trial court entered summary judgment in favor of Appellee, holding that Appellee owns an undivided one-half interest in the real property the subject of this suit having inherited

such one-half interest by intestate succession as a result of the death of Gerald Wade Wilson. We find no error by the trial court in granting Appellee's summary judgment by construing the Wills in this manner, which is a meritorious argument as noted in *Dow Chemical*, and therefore the summary judgment was properly granted. Appellants' first issue is overruled.

### Error in ruling on Partition Deed and error in construing Wills

The second and third issues raised by Appellants flow naturally from the first issue and we address them together.

In their second issue, Appellants argue error in the trial court's ruling on the effects of a partition deed on a determinable fee or other special conditions and the warranty elements of a partition deed. Appellants argue that the limitation contained in the Will (the determinable fee) was not waived by the Partition Deed nor did it constitute a breach of warranty. In their brief, Appellants start by stating that "All parties were conveyed title to their undivided interest by the Wills . . . ." Appellants then argue that when a partition is made with a joint holder who would be entitled to a life estate, a partition is not prejudicial to those entitled to reversionary interests. Appellants argue that because Gerald's interest was a determinable fee, the reservations contained in the Partition Deed served as constructive notice that there was a reverter clause.

Appellants third issue asserts error by the trial court in construing the Wills of Loyd and Verna and argue the issue of Paragraph 5.03 creating a reverter or determinable fee.

We disagree. Both of these issues hinge on Appellants' assertions that the Wills created a determinable fee and reverter. As the trial court did not err in construing the Wills and in doing so, rejected Appellants' claim of there being a reverter clause, Appellants' arguments relating to their second issue are without merit and are overruled. As the trial court properly construed the

13

Wills in the Partial Summary Judgment and found that Appellee was entitled to a one-half share of the estate property through intestate succession from Gerald's undivided one-third interest, Appellants' third issue is overruled.

### Error relating to payment of *Ad Valorem* Taxes

Appellants argue that the trial court erred in ruling that the remaindermen are to reimburse a part of the real property *ad valorem* taxes to the possessory life tenant and that the court erred in ordering a disproportionate partition of land to compensate the life tenant for remaindermen's non-participation in payment of *ad valorem* taxes.

In the court's findings of fact and conclusions of law, the trial court found that Appellee paid $1,423.86 in *ad valorem* taxes on the jointly owned real property. The trial court concluded that Appellee should be compensated in the partition for one-half of the *ad valorem* taxes she paid "or $711.93 by award of additional real property with such value from Defendants' property."[6] In the Decree Ordering Partition, the court ordered that the Commissioners set aside $711.93 to compensate Appellee for such payments. The Decree also ordered the sheriff to seize and sell a list of personal property which could not otherwise be partitioned.

As discussed above, Appellee is not a life tenant but is the intestate successor to one-half of Gerald's estate, which included a one-third interest in his parents' estate, including real property which was the subject of the Partition Deed. Appellants' claim that Appellee is a life tenant is without merit, rendering their arguments that taxes are the obligation of the life tenant moot for the purposes of this appeal.

---

[6] Appellee argues that Appellants have failed to properly preserve this issue, noting that Appellants fail to direct this Court to any part of the court record where this complaint was presented and ruled on by the trial court. We note that the record contains a Motion for New Trial filed by Appellants, which includes an argument that the *ad valorem* taxes should not have been ordered by the court. The motion was overruled by operation of law. *See* TEX.R.CIV.P. 329b(c). We find the issue was properly preserved for the appeal.

14

Appellants argue that they have been "judged" out of a part of their inheritance for failing to pay *ad valorem* taxes owed by a possessory life tenant. Appellants further argue that there is no authority for a unilateral confiscation of real property under the theory that the property confiscated should be awarded to a life tenant as compensation paid for taxes paid by such life tenant. Again, as Appellee is not a possessory life tenant, these arguments are without merit.[7] *See Sargeant v. Sargeant*, 15 S.W.2d 589, 593 (Tex.Com.App. 1929)(finding life tenant responsible for payment of current taxes).

Appellants have not provided any arguments to this Court unrelated to their assertion that Appellee is a life tenant. As these arguments have no merit based on Appellee being a rightful holder of an interest in property and capable of seeking partition and reimbursement for *ad valorem* taxes paid, we overrule Appellants fourth issue.

### Error in granting award of attorney's fees

In their fifth issue, Appellants argue that Appellee has failed to establish statutory authority for a claim for attorney's fees on her partial summary judgment and presented no evidence on which to base and determine reasonable attorney's fees. Appellants argue that alternatively, there is insufficient evidence presented by Appellee to recover attorney's fees. We disagree.

The Declaratory Judgment Act grants the trial court the discretionary authority to award attorney's fees. Specifically, the trial court may award reasonable and necessary attorney's fees "as are equitable and just." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 37.009 (West 2008). We review an award of attorney's fees pursuant to the UDJA for abuse of discretion. *See Bocquet*

_____

[7] Appellants cite *Hill v. Hill*, 623 S.W.2d 779, 780-81 (Tex.App.--Amarillo 1981, writ ref'd n.r.e.), specifically the language the *Hill* court cites from *Coleman v. Banks*, 349 S.W.2d 737 (Tex.Civ.App.--Dallas 1961, writ ref'd n.r.e.) noting that possessory life tenant must bear expenses of the care and preservation of property, including taxes. However, the *Hill* court declined to adopt this language, finding that Texas jurisprudence had changed since that statement was made. *Hill*, 623 S.W.2d at 780.

*v. Herring*, 972 S.W.2d 19, 20-1 (Tex. 1998); *Poag v. Flories*, 317 S.W.3d 820, 828 (Tex.App.--Fort Worth 2010, pet. denied)(same).

As Appellee sought a declaratory judgment, pursuant to the UDJA, we find that the trial court was statutorily authorized to award reasonable and necessary attorney's fees, in its discretion. *See Zurita v. SVH-1 Partners, Ltd.*, 2011 WL 6118573, *8 (Tex.App.--Austin 2011, pet. denied)("It is undisputed that AZR sought declaratory relief against the Landlord under the UDJA. Thus, the trial court was authorized to award attorney's fees to any party with pleadings requesting them."), *citing Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 939 (Tex.App.--El Paso 1994, no writ)(concluding that party moving for attorney's fees in declaratory judgment action need not specify statutory authority for award so long as that party has pleaded for attorney's fees).

The record reflects that Appellee's counsel did not provide an affidavit regarding attorney's fees at the summary judgment hearing. The summary judgment motion asked that the trial court declare that Appellee is entitled to recover her reasonable attorney's fees incurred to quiet title to the property at issue. The order signed by the trial court provided "Plaintiff is entitled to recover her reasonable attorney fees incurred to defend title warranted by Defendants . . . against the claims asserted herein by such Defendants." At trial, counsel for Appellee testified that the reasonable and necessary fees incurred for the quiet title action through the partial summary judgment action were $4,500.00.[8] While Appellants' counsel objected, the trial court noted that the order granting the partial summary judgment provides for an award of attorney's fees and that Appellee's counsel was being allowed to prove them up at trial. This amount was reflected in the findings of fact issued by the court.

We find that the trial court did not abuse its discretion in awarding Appellee attorney's fees

---

[8] Counsel also testified as to reasonable and necessary fees should the matter be appealed.

and that the amount of the fees awarded in relation to the partial summary judgment was reasonable and necessary and supported by the evidence.

Appellants argue that the trial court order awarding the attorney's fees were not made conditional as required by Texas law. The Partition Decree does state that Appellee is entitled to recover her reasonable attorney fees incurred to quiet title "together with additional amounts in the event of an appeal." We note that the record reflects that after the trial, counsel for Appellee filed a Motion to Modify Judgment, where Appellee noted that at the trial, counsel specifically conceded that the attorney's fees for the appeal are conditional. Appellants' fifth issue is overruled.

### Miscellaneous Error

In their final point, Appellants raise nine collateral issues in which they claim error on the part of the trial court. While Appellants note that they believe the errors are "self-correcting" if the Wills are properly construed, Appellants stated they did not waive these errors.

We address these issues in turn, but note that Appellants failed to direct this Court to any legal authority in support of any of these issues (save for a brief mention of two case names with no specific reference in their seventh miscellaneous error) and that this issue could be overruled at the outset. *See* TEX.R.APP.P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994)(discussing the "long-standing rule" that an appellate point may be waived due to inadequate briefing); *Rhoades v. Prosser*, 2010 WL 1999150, *4 (Tex.App.--Fort Worth 2010, no pet.)(noting same and overruling issue for failing to brief).

Appellants first argue that the Decree Ordering Partition and Appointing Commissioners was entered less than thirty (30) days after the grant of the PSJ and that the personal property

17

which was ordered to be seized and sold was not before the trial court and that neither the Trustee nor independent executor was made party to the suit, depriving the trial court of jurisdiction. We note that the plain language of the Wills terminates the trust at the death of Verna, so no Trustee existed as of 2007. We also note that the issue of the personal property was pled by Appellee in her original petition. Appellant Judith Berry was appointed Co-Executor of Verna's estate, along with Gerald. Appellants did not filed a verified denial of liability in the capacity sued, nor was there a defect in the parties claimed by Appellants. *See* TEX.R.CIV.P. 93.2, 93.4. Appellants' argument that the personal property was not before the trial court is without merit.

The second and third miscellaneous errors asserted by Appellants concern the argument that the attorney's fee award was not made conditional and was erroneously included in the findings of fact and conclusions of law. As we have overruled Appellants' argument on this issue previously, we overrule these arguments as well.

Appellants' fourth and fifth points of miscellaneous error assert that there is either no evidence or insufficient evidence to support Finding of Fact 10 (that Gerald owned an undivided one-third interest in the personal property of the estates) or to support Finding of Fact 11 (that Appellants each owned a one-third interest in the personal property of the estates). Appellants argue that there are no closing documents from the Probate Court to support otherwise and that Appellants each own a one-half undivided interest in the estate property. Appellants' argument is predicated on this Court's sustaining their objection to Issues One and Three, which was overruled. We overrule the fourth and fifth miscellaneous errors.

Appellants' sixth and seventh miscellaneous errors allege error in Conclusion of Law 3 (error in finding that Gerald owned property that was not subject to a determinable fee) and

18

Conclusion of Law 5 (that the remaindermen should pay for the property taxes held by a life tenant). These issues are duplicative of the arguments made by Appellants earlier and we overrule these issues.

Appellants' eighth issue is that Conclusion of Law 6 is not specific enough to identify what personal property is vague and cannot be comprehended, followed, or enforced. We note that Appellants did not raise this issue in their Motion for New Trial, which could be deemed a failure to preserve error. *Compare McClary v. Thompson*, 65 S.W.3d 829, 833 (Tex.App.--Fort Worth 2002, pet. denied)(noting that error preserved when motion for new trial complained about characterization of holdings in findings of fact and conclusions of law). Nor did Appellants explain how this error is harmful. *See* TEX.R.APP.P. 38.1(i). Conclusion of Law 6 states "The jointly owned personal property should be sold in accordance with Texas Rules of Civil Procedure Rule 775." We note that Findings of Fact 10 and 11 specifically mention the personal property and note exhibits where this property is found, but that Appellants did not object to these as being vague. We find that the argument that this Conclusion of Law is "vague" to be without merit and overrule this miscellaneous error.

Appellants' final miscellaneous error is that the trial court erred in approving the Sworn Report of the Commissioners dated April 8, 2011. This report is not before this Court. Appellants listed it in an appendix to their brief, but the report was issued after Appellants filed their notice of appeal. Appellants failed to list the report in their Designation of Additional Matters for Inclusion in Record on Appeal dated April 25, 2011. This report was not included in the supplemented clerk's record, which was wholly limited to the return of service for Angela Roberts. The burden is on Appellants to request and provide a complete record. *See*

19

TEX.R.APP.P. 34.5(a),(b); *Mitchell v. Burlington Northern and Santa Fe R. Co.*, 2004 WL 1119593, *1 n.3 (Tex.App.--Fort Worth 2004, no pet.)(noting same). Appellants' ninth point of miscellaneous error is not properly before this Court and is therefore overruled.[9]

Finding no sustainable points in any of the miscellaneous errors presented by Appellants, Appellants sixth issue is overruled.

## CONCLUSION

The trial court did not err in granting of partial summary judgment in favor of Appellee, and further, there was no error in the trial court's ruling on the effects of the Partition Deed or in construing the Wills of Loyd E. Wilson and Verna Mae Wilson. The trial court did not err in ruling that Appellants are to reimburse a part of the real property *ad valorem* taxes to Appellee. There was no error in the trial court's award of attorney's fees, nor were there any "miscellaneous" errors. We affirm the judgment of the trial court.

July 5, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

[9] Appellee correctly notes that a partition suit there are two judgments, each of which is capable of appeal. *See Marmion v. Wells*, 246 S.W.2d 704, 705-06 (Tex.Civ.App.--San Antonio 1952, writ ref'd). Appellee argues that Appellants have only appealed the first judgment of partition, that of the trial court, and that the appeal of the Commissioner's Report are part of the second judgment. As Appellants have failed to present this issue to this Court, we will not address the merits of this argument.